## Case No. 15,728.

### UNITED STATES v. MARTIN et al.

[4 Cliff. 156.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1870.

CONSPIRACY—OFFENCE—PARTIES—INDICTMENT —COMMON-LAW CRIMES.

1. Conspiracy, as known at common law, not being defined by any act of congress as an offence against the authority of the United States, is not cognizable as such in the federal courts.

2. Two persons, one of whom was cashier of a national bank, and the other not an officer of any bank, were, under section 30 of the act of March 2, 1867 [14 Stat. 484], and section 55 of the act of June 3, 1864 [13 Stat. 116], indicted for conspiring together to abstract certain money from the bank. Demurrer to the indictment, upon the ground that, under the act of June 3, 1864, the two could not be properly indicted for a conspiracy to commit an offence which, under the act of March 2, 1867, could only be committed by one, to wit, the bank officer. *Held*, that under the act of March 2, 1867, it is an offence for an officer of such an association to conspire with another, not an officer, to abstract or embezzle the funds thereof, and that the indictment charging such two persons with a conspiracy to commit such offence was good.

[Cited in U. S. v. Milner, 36 Fed. 891; U. S. v. Stevens, 44 Fed. 141.]

Indictment against the defendants [James D. Martin and Alexander C. Felton] for conspiring together to abstract from the National Hide & Leather Bank, of Boston, funds belonging to the bank. The indictment was drawn on section 30 of the act of congress approved March 2. 1867 (14 Stat. 484), and on section 55 of the act of congress approved June 3, 1864 (13 Stat. 116). Martin was cashier of the bank; Felton was not an officer of any bank. Felton demurred to the indictment upon the ground that two persons could not be guilty of a conspiracy to commit an offence against the authority of the United States, under the act to "amend existing laws relating to internal revenue," unless each can be guilty of a violation of the law which they are charged with having agreed to violate.

A. A. Ranney, for defendants.

It is submitted that two persons cannot be guilty, under Act 1867, c. 169, § 30, of a conspiracy to commit an offence against a law of the United States, unless each can be

guilty of a violation of that law which they are charged with having agreed to violate. The United States courts have no common-law criminal jurisdiction; all offences are the creation of statute. Prior to Act 1867, c. 169, § 30, there was no such crime as conspiracy known to the federal courts, as that offence exists at common law. That statute has not now enacted or adopted in any respect the common law; it simply makes a statute offence, all the elements of which are enumerated in the statute, and nothing is borrowed or left to be supplied by inference from the common law. The word "conspire" is not used in the statute in a technical sense; as there used it is strictly synonymous with the word "agree." "If two or more persons" agree "to commit any offence against the laws of the United States," "and one or more of" then "shall do any act to effect the object of the" agreement, they "shall be deemed guilty of a misdemeanor." But the bare agreement not only to do an illegal thing but to do a legal thing in an illegal manner, and wholly irrespective of the doing any act to effect the object of the agreement is a conspiracy at common law. The question then is, not whether the defendants have been guilty of an offence at common law, but whether they have been guilty of the offence made punishable by Act 1867, c. 169 (14 Stat. p. 484).

The charge in the indictment is that Martin, being a cashier of a banking association, and Felton, not being a cashier, agreed to commit an offence against Act 1864, c. 106, § 55, which makes it an offence for the cashier of a banking association to abstract the funds. Now this offence of abstracting the funds could be committed by Martin alone; it could not be committed by Felton alone; neither could it be committed by Felton in conjunction with Martin. This offence is a misdemeanor by the terms of the statute. In a misdemeanor there are no accessories. All aiders and abettors are principals. Suppose Martin and Felton go together and break through the walls of the bank and steal the funds. Then Martin is guilty, because he is the cashier. Whatever may be Felton's guilt, he is not guilty under this law, because he is not within the terms of it. He, unlike Martin, is not a cashier. Now suppose the plan is, instead of taking the funds by force, to withdraw them by fraud. Suppose Felton, at his place of business, draws fraudulent checks upon the bank, which are paid by Martin, and thus assists Martin in withdrawing the funds. If this were a common-law felony, Felton would be an accessory. If this statute made the offence a felony in Martin, Felton, might, perhaps, be an accessory. But the statute makes the offence a misdemeanor, and Felton cannot be an accessory, for in misdemeanors all are principals, and he cannot be a principal because he is not within the statute: the statute says cashiers, and he is not a cashier. Now the statute under which the indictment

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

was found says "if two or more persons agree to commit an offence." Agree to commit is equivalent to agree that they shall commit. That is if two or more persons shall agree that they shall commit an offence. That who shall commit an offence? That they, that is, two or more, shall commit an offence. The statute does not say that if two or more persons agree that one of them shall commit an offence they shall be punished. Such a construction of the statute would be a forced and a strained construction. But courts do not force and strain the language of statutes creating crimes, to make them cover offences not plainly embraced in the words of the statute. In criminal matters, courts, as guardians of the liberty of the subject, adopt the contrary construction. Therefore the defendants' offence does not come. within the words of the statute, and they must necessarily be guiltless of the offence alleged in the indictment.

G. S. Hillard, U. S. Dist. Atty., and H. D. Hyde, for the United States.

If the president of the bank had conspired with the cashier to abstract the funds of the bank, there can be no question that the offence would be within the statute. The question is, can there be an offence if an officer of a bank conspires with another person, not an officer of a bank, to abstract the funds of the bank. The terms of.the statute are "conspire to commit any offence against the laws of the United States, and one or more of said parties shall do any act to effect the object thereof." It was an offence for Martin to abstract the funds of the bank; it was likewise an offence for Martin and Felton to conspire together for Martin to abstract the funds. A boy under the age of puberty, or a woman, or a man in respect to his own wife, may be guilty as accessory, or as principal in the second degree, to the offence of rape. 1 Bish. Cr. Law, 629; 2 Bish. Cr. Law, § 1090; 1 Hale, P. C. 629; 1 East, P. C. 446; 1 Hawk. P. C. (7th Ed.) 308; 1 Russ. Crimes, 904; Lord Castlehaven, Audley's Case, 3 How. State Tr. 402. For the same reasons, a boy under the age of puberty, a woman, or a man in respect to his own wife, may conspire with a third party, being a man, to commit rape, although it would be impossible for the boy, woman or husband to commit the offence.

The conspiracy statute is not limited to the revenue laws, for, if it had been so intended, it should have said, to defraud the United States, or to commit any offence against the revenue laws of the United States. That it is found in a revenue act is no argument, for congress often incorporates into an act enactments foreign to the subject-matter of the same. The conspiracy is not merged. The conspiracy, a misdemeanor, is not merged in the offence which they conspired to commit, even if executed, it being also a misdemeanor. 1 Bish. Cr. Law, § 536; 2 Bish. Cr. Law, § 149; Reg. v. Maddens, 2 Cox, Cr. Cas. 355; Reg. v. Button, 3 Cox, Cr. Cas. 229, 11 Q. B. 948; State v. Murphy, 6 Ala. 765; State v. Noyes, 25 Vt. 415; People v. Richards, 1 Mich. 216; People v. Mather, 4 Wend. 265; Com. v. McGowan, 2 Pars. Eq. Cas. 341; State v. Mayberry, 48 Me. 218; Com. v. O'Brien, 12 Cush. 84; Com. v. Delany, 1 Grant, Cas. 224; Johnson v. State, 5 Dutch. [29 N. J. Law] 453; Elkin v. People, 28 N. Y. 177; Reg. v. Neale, 1 Car. & K. 591.

Before CLIFFORD, Circuit Justice, and Lowell, District Judge.

CLIFFORD, Circuit Justice. Authority to form associations for carrying on the business of banking, subject to certain conditions and regulations, is conferred by the act of congress entitled "An act to provide a national currency," and the same act provides to the effect that every officer or agent of any such association. who shall embezzle, abstract, or wilfully misapply any of the moneys, funds, or credits of the association, or do any other of the prohibited acts enumerated in the same section, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished as therein provided. 13 Stat. 116. Conspiracy, as known at common law, not being defined in any act of congress as an offence against the authority of the United States, is not cognizable as such in any federal court, but section 30 of the act of March 2, 1867, provides that if two or more persons conspire, either to commit any offence against the laws of the United States, or to defraud the United States in any manner, and one or more of said parties to said conspiracy shall do any act to effect the object thereof, the parties to said conspiracy shall be liable, both to a certain penalty and to imprisonment. 14 Stat. 484.·

Martin was the cashier of the Hide & Leather Bank, an association formed pursuant to the act entitled "An act to provide a national currency," and having its place of business in this city, and he is correctly described as such in the introductory allegations of the indictment, and in each of the four counts which the indictment contains. Special reference will only be made to the first two counts, as they all present the same questions, and before doing so it should be remarked that Felton was not an officer or agent of that bank, nor of any other association formed under the first-named. act, nor is he described as such in any one of the counts. Instead of that, the conceded fact is that he was neither an officer nor an employee of the association, and the charge in the first count is. that the defendants, Martin being described as the cashier of the bank, did, on a certain day, and at a certain place in this district, unlawfully conspire together, to fraudulently and unlawfully abstract from said bank large sums of money, belonging to said bank, with intent to defraud said bank. Certain acts, alleged to have been

done by the respective defendants, to effect the object of the said conspiracy, are also set forth and described in the same count, as more fully exhibited in the record. Like the first count, the second alleges that the defendants on the same day, and at the same place, did unlawfully conspire together to commit an offence against the laws of the United States, to wit, that the said Martin, as cashier, should fraudulently and unlawfully misapply large sums of the money of said bank, as more fully set forth in the indictment. Appropriate allegations are also inserted in the same count, describing the acts performed by the respective defendants to effect the object of the conspiracy, as contemplated by the provision defining the offence, and prescribing the punishment for its commission. Set at the bar, and called upon to plead to the indictment the defendant Felton demurred to the same, upon the ground that two persons cannot be guilty of a conspiracy to commit an offence against the authority of the United States, under the act "to amend existing laws relating to internal revenue," unless each can be guilty of a violation of the law which they are charged with having agreed to violate. Both defendants could not be convicted of the offence defined in section 55 of the act to provide a national currency, as the defendant before the court was neither an officer nor an agent of the bank, and the proposition submitted is that, not being such, he cannot be guilty of the offence of conspiracy as defined in the act to amend existing laws relating to internal revenue. His counsel concede that if any officer or agent of any such association shall embezzle, abstract, or wilfully misapply any of the moneys, funds, or credits of the association, that such officer or agent may be indicted, tried, and convicted of a misdemeanor as defined in the act to provide a national currency, and that if two or more persons, being officers or agents of such an association, conspire to embezzle, abstract, or wilfully misapply any of the moneys, funds, or credits of the association, and any one of the number so conspiring shall "do any act to effect the object thereof," they may be indicted, tried, and convicted of the offence of conspiracy as defined in the act on which the indictment is founded.

Stated in other words, the position assumed by the defendant before the court is, that inasmuch as he could not commit the offence defined in the act to provide a national currency, because he is not an officer or agent of any such association, he cannot be convicted and punished for the offence set forth in the indictment, although the charge in the second count is, that the defendants did unlawfully conspire together that the other defendant, "as cashier, should fraudulently" and unlawfully misapply large sums of the money of said bank, but the correctness of the proposition submitted must depend upon the construction of the provision on which the indictment is founded, as it would clearly be competent for congress to provide that any person so conspiring with an officer or agent of such an association to embezzle, abstract. or wilfully misapply any of the moneys, funds, or credits of the association, should be deemed guilty of conspiracy, and be subject to the same punishment as the offending officer or agent of the association.

Whatever is well alleged in the indictment is admitted by the demurrer, and in view of that rule of pleading, the only question is whether, by the true construction of the act of congress, it is declared to be an offence, if an officer or agent of such an association conspires with another person not an officer or agent of the bank, to embezzle, abstract, or wilfully misapply any of the moneys, funds, or credits of the association, including of course the other element of the offence which need not be repeated in this connection. Omitting unimportant words, the terms of the act are, "shall conspire to commit any offence against the laws of the United States," and one or more of said parties to said conspiracy shall do any act to effect the object thereof. Beyond all controversy, it is an offence for the cashier to embezzle, abstract, or wilfully misapply any of the moneys, funds, or credits of the bank, and it seems equally clear to the court that if the cashier and the defendant before the court conspired together that the former should do those forbidden and unlawful acts, or any one of them, and that he the cashier, as one of said parties, did any act to effect the object of the conspiracy, that both are equally guilty within the meaning of that provision. Offences created by statute often differ from offences at common law, known by the same name, of which there are many examples in the acts of congress, besides the one under consideration, and in all such cases the pleader must conform to the requirements in the act of congress defining the offence, even though the allegations of the indictment may, in those respects, depart from the rules of the common law. Valid exception cannot be taken to an indictment for a conspiracy as known at common law, where the pleader sets forth a combination of two or more persons to accomplish, by some concerted action, some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by some criminal or unlawful means, even if the indictment does not allege that any act was done by any one of the parties in pursuance of the unlawful agreement, as the offence is complete when the unlawful combination is formed, though no act was done towards carrying the main design into effect. ·Com. v. Hunt, 4 Metc. [Mass.] 111; Rex v. Seward, 1 Adol. & El. 706; Reg. v. Vincent, 9 Car. & P. 91; Rosc. Cr. Ev. 406; 3 Greenl. Ev. 93. Such an indictment would obviously be bad, if drawn upon section 30 of the act to amend existing laws relating to internal revenue, as it would omit one of ·the essential ingredients of the offence as defined in that provi-

sion. Indictable offences, whether created by statute or recognized as arising at common law, usually contain more than one element or ingredient, and the rule is universal, that unless every material ingredient of the charge is set forth in the indictment, the defect may be reached by demurrer, or the judgment may be arrested. Where the indictment is for an offence defined by statute, it is, in general, sufficient if the pleader follows the words of the statute, unless the statute employs some technical term or phrase or contains some word or words of compound signification. Evidently the offence set forth in the indictment under consideration contains three essential ingredients as defined in the act of congress: (1) That the persons named in the indictment did conspire together and enter into an unlawful agreement and combination, which is the legal signification of the word conspire as there employed. (2) That they so conspired together to commit an offence against the laws of the United States. (3) That one or more of said parties to said conspiracy did some act to effect the object of said unlawful combination and agreement.

Objection is made, in the first place, that the defendant before the court cannot be regarded as falling within that allegation, as he cannot be held to have conspired with another to commit an offence which he himself could not commit, but it should be borne in mind that the cashier of the bank is named in the indictment, as well as the defendant making the objection, and that the charge in the second count of the indictment is that they conspired together that the cashier of the bank should embezzle, abstract, and wilfully misapply the moneys, funds, and credits of the association. Examined in that point of view, as the case must be, it is quite evident that the circumstance that the defendant before the court is neither an officer nor an agent of the association, is no answer to the charge, as to adopt that theory would be to admit that it is not unlawful for the cashier of the bank and the objecting defendant, to conspire together that the former shall embezzle, abstract, and wilfully misapply the moneys, funds, and credits of the institution, which cannot be admitted, as the alleged conspiracy is to do an act, which, if committed by him or even by the parties jointly, would render the cashier liable to an indictment and imprisonment for a term not less than five nor more than ten years. Viewed in that light, it is quite clear that the first ingredient of the offence is well pleaded and that the defendant as a conspirator with the cashier of the bank falls within its terms. Suppose that is so, still the defendant contends that he does not fall within the second ingredient as pleaded, as he insists that there cannot be a conspiracy unless two or more combine together by concerted means, to accomplish the unlawful purpose, or to accomplish a purpose not in itself unlawful by criminal or unlawful means, and the argument is that, inasmuch as he could not commit the offence of embezzlement as defined in the act to provide a national currency, the two defendants cannot conspire together, in the legal sense, to commit that offence; but the allegation in the second count, as already explained, is that they conspired together that the cashier of the bank should embezzle, abstract, and wilfully misapply the moneys, funds, and credits of the bank, and it is clear to a demonstration that the cashier, as such officer, could commit the offence, and that if he did commit it, he could be indicted, tried, and convicted of a misdemeanor, and be punished as therein provided. Tested by these considerations, it is the opinion of the court that the objections to the allegations setting forth the second ingredient of the offence are not well founded.

Extended remarks in respect to the allegation setting forth the third ingredient are unnecessary, as some one or more of the assignments in each count allege that the act or acts to effect the object of the conspiracy were done by the cashier of the bank as one of the parties to the unlawful agreement and combination, and in pursuance of the said conspiracy. Reduced to propositions, the several objections taken to the indictment amount to the same thing, as they are all founded on the theory that two persons cannot in any legal sense conspire to commit an offence unless, if they effected the object of the conspiracy, each could be indicted, tried, and convicted of the offence, which is by no means correct as a universal rule. Examples to the contrary are put by the district attorney, and the authorities cited by him support his views. 1 Bish. Cr. Law (3d Ed.) § 629; 2 Bish. Cr. Law, § 1090; 1 Hale, P. C. 629; 1 East, P. C. 446; 1 Hawk. P. C. (7th Ed.) 308; 1 Russ. Crimes (Ed. 1853) 676; Audley's Case, 3 How. State Tr. 402. Other examples may be put of an equally apposite character. Two persons cannot be jointly indicted for perjury, as the offence is in its nature several, though the two persons may make the same false and corrupt statement in the same case and on the same day, so that it is incorrect to say that two persons cannot commit the same act of perjury. Provision is made by section 18 of the principal crimes act, for the trial, conviction, and punishment of persons committing wilful and corrupt perjury in any suit, controversy, matter, or cause depending in any of the courts of the United States. 1 Stat. 116. Clearly no two persons can commit the same act of perjury under that provision, as the act of the respective parties would be several and not joint, and yet it would not be difficult to suppose a case where they might be jointly indicted as having conspired together that one should swear falsely in a cause pending in a federal court, in which both were interested, if it also appeared that the party designated to commit the offence had entered the witness stand and taken the necessary oath in pursuance of

the unlawful agreement and combination, and was only prevented from testifying, as he had agreed with his confederate to do, by sudden sickness. His confederate could not commit the crime which he with his confederate had conspired to commit, because if his confederate in turn entered the witness stand and made the same false statement as that contemplated by the conspiracy, it would be a different crime, and one for which the party committing it would alone be responsible.

Stress is also laid, in the arguments for the defendant, upon the introductory words of the section, which are "that if two or more persons conspire to commit any offence," and the argument is that the meaning of the phrase is the same as it would be if it read "conspire or" agree that they shall commit the offence, but the court is not able to adopt that construction of the section, as it would allow every person not an officer or agent of such an association to conspire with any such officer or agent to embezzle, abstract, or wilfully misapply the entire moneys, funds, and credits of the association with perfect impunity.

Any argument to show that the offence of conspiring in this case is not merged in the completion of the object of the conspiracy is unnecessary, as the offence which the defendants conspired to commit is itself only a misdemeanor. Reg. v. Button, 3 Cox, Cr. Cas. 237, 11 Q. B. 948; State v. Noyes, 25 Vt. 415; People v. Mather, 4 Wend. 265; State v. Mayberry, 48 Me. 218; Com. v. O'Brien, 12 Cush. 84; Elkin v. People, 28 N. Y. 177; Reg. v. Neale, 1 Car. & K. 591.

Much consideration has been given to the very able argument for the defendant, but the court is of the opinion that the demurrer must be overruled.

