GEBARDI ET AL. *v.* UNITED STATES.

No. 97.  Argued October 10, 1932.—Decided November 7, 1932.

*Mr. William F. Waugh* for petitioners.

*Assistant Attorney General Richardson,* with whom *Solicitor General Thacher, Assistant Attorney General Dodds,* and *Mr. W. Marvin Smith* were on the brief, for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

This case is here on certiorari, 286 U. S. 539, to review a judgment of conviction for conspiracy to violate the Mann Act (36 Stat. 825; 18 U. S. C., § 397 *et seq.*). Petitioners, a man and a woman, not then husband and

wife, were indicted in the District Court for Northern Illinois, for conspiring together, and with others not named, to transport the woman from one state to another for the purpose of engaging in sexual intercourse with the man. At the trial without a jury there was evidence from which the court could have found that the petitioners had engaged in illicit sexual relations in the course of each of the journeys alleged; that the man purchased the railway tickets for both petitioners for at least one journey, and that in each instance the woman, in advance of the purchase of the tickets, consented to go on the journey and did go on it voluntarily for the specified immoral purpose. There was no evidence supporting the allegation that any other person had conspired. The trial court overruled motions for a finding for the defendants, and in arrest of judgment, and gave judgment of conviction, which the Court of Appeals for the Seventh Circuit affirmed, 57 F. (2d) 617, on the authority of *United States* v. *Holte,* 236 U. S. 140.

The only question which we need consider here is whether, within the principles announced in that case, the evidence was sufficient to support the conviction. There the defendants, a man and a woman, were indicted for conspiring together that the man should transport the woman from one state to another for purposes of prostitution. In holding the indictment sufficient, the Court said (p. 144):

"As the defendant is the woman, the District Court sustained a demurrer on the ground that although the offence could not be committed without her she was no party to it but only the victim. The single question is whether that ruling is right. We do not have to consider what would be necessary to constitute the substantive crime under the act of 1910 [the Mann Act], or what evidence would be required to convict a woman under an indictment like

this, but only to decide whether it is impossible for the transported woman to be guilty of a crime in conspiring as alleged."

The Court assumed that there might be a degree of coöperation which would fall short of the commission of any crime, as in the case of the purchaser of liquor illegally sold. But it declined to hold that a woman could not under some circumstances not precisely defined, be guilty of a violation of the Mann Act and of a conspiracy to violate it as well. Light is thrown upon the intended scope of this conclusion by the supposititious case which the Court put (p. 145):

" Suppose, for instance, that a professional prostitute, as well able to look out for herself as was the man, should suggest and carry out a journey within the act of 1910 in the hope of blackmailing the man, and should buy the railroad tickets, or should pay the fare from Jersey City to New York, she would be within the letter of the act of 1910 and we see no reason why the act should not be held to apply. We see equally little reason for not treating the preliminary agreement as a conspiracy that the law can reach, if we abandon the illusion that the woman always is the victim."

In the present case we must apply the law to the evidence; the very inquiry which was said to be unnecessary to decision in *United States* v. *Holte, supra.*

*First.* Those exceptional circumstances envisaged in *United States* v. *Holte, supra,* as possible instances in which the woman might violate the act itself, are clearly not present here. There is no evidence that she purchased the railroad tickets or that hers was the active or moving spirit in conceiving or carrying out the transportation. The proof shows no more than that she went willingly upon the journeys for the purposes alleged.

Section 2 of the Mann Act [1] (18 U. S. C. § 398), violation of which is charged by the indictment here as the object of the conspiracy, imposes the penalty upon "Any person who shall knowingly transport or cause to be transported, or aid or assist in obtaining transportation for, or in transporting in interstate or foreign commerce . . . any woman or girl for the purpose of prostitution or debauchery or for any other immoral purpose . . ." Transportation of a woman or girl whether with or without her consent, or causing or aiding it, or furthering it in any of the specified ways, are the acts punished, when done with a purpose which is immoral within the meaning of the law. See *Hoke* v. *United States,* 227 U. S. 308, 320.

The Act does not punish the woman for transporting herself; it contemplates two persons—one to transport and

[1] "Any person who shall knowingly transport or cause to be transported, or aid or assist in obtaining transportation for, or in transporting, in interstate or foreign commerce, or in any Territory or in the District of Columbia, any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent and purpose to induce, entice, or compel such woman or girl to become a prostitute or to give herself up to debauchery, or to engage in any other immoral practice; or who shall knowingly procure or obtain, or cause to be procured or obtained, or aid or assist in procuring or obtaining, any ticket or tickets, or any form of transportation or evidence of the right thereto, to be used by any woman or girl in interstate or foreign commerce, or in any Territory or the District of Columbia, in going to any place for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent or purpose on the part of such person to induce, entice, or compel her to give herself up to the practice of prostitution, or to give herself up to debauchery, or any other immoral practice, whereby any such woman or girl shall be transported in interstate or foreign commerce, or in any Territory or the District of Columbia, shall be deemed guilty of a felony, and upon conviction thereof shall be punished by a fine not exceeding $5,000, or by imprisonment of not more than five years, or by both such fine and imprisonment, in the discretion of the court."

the woman or girl to be transported. For the woman to fall within the ban of the statute she must, at the least, " aid or assist " someone else in transporting or in procuring transportation for herself. But such aid and assistance must, as in the case supposed in *United States* v. *Holte, supra,* 145, be more active than mere agreement on her part to the transportation and its immoral purpose. For the statute is drawn to include those cases in which the woman consents to her own transportation. Yet it does not specifically impose any penalty upon her, although it deals in detail with the person by whom she is transported. In applying this criminal statute we cannot infer that the mere acquiescence of the woman transported was intended to be condemned by the general language punishing those who aid and assist the transporter,[2] any more than it has been inferred that the purchaser of liquor was to be regarded as an abettor of the illegal sale. *State* v. *Teahan,* 50 Conn. 92; *Lott* v. *United States,* 205 Fed. 28; cf. *United States* v. *Farrar,* 281 U. S. 624, 634. The penalties of the statute are too clearly directed against the acts of the transporter as distinguished from the consent of the subject of the transportation. So it was intimated in *United States* v. *Holte, supra,* and this conclusion is not disputed by the Government here, which contends only that the conspiracy charge will lie though the woman could not commit the substantive offense.

*Second.* We come thus to the main question in the case, whether, admitting that the woman, by consenting, has

---

[2] Sec. 3 of the Act (18 U. S. C., § 399), directed toward the persuasion, inducement, enticement or coercion of the prohibited transportation, also includes specifically those who " aid or assist " in the inducement or the transportation. Yet it is obvious that those words were not intended to reach the woman who, by yielding to persuasion, assists in her own transportation.

not violated the Mann Act, she may be convicted of a conspiracy with the man to violate it. Section 37 of the Criminal Code (18 U. S. C, § 88), punishes a conspiracy by two or more persons "to commit any offense against the United States." The offense which she is charged with conspiring to commit is that perpetrated by the man, for it is not questioned that in transporting her he contravened § 2 of the Mann Act. Cf. *Caminetti* v. *United States*, 242 U. S. 470. Hence we must decide whether her concurrence, which was not criminal before the Mann Act, nor punished by it, may, without more, support a conviction under the conspiracy section, enacted many years before.[3]

As was said in the *Holte* case (p. 144), an agreement to commit an offense may be criminal, though its purpose is to do what some of the conspirators may be free to do ,alone.[4] Incapacity of one to commit the substantive offense does not necessarily imply that he may with impunity conspire with others who are able to commit it.[5]

---

[3] Sec. 30, Act of March 2, 1867 (14 Stat. 471, 484) "except for an omitted not relevant provision, . . . has continued from that time to this, in almost precisely its present form." See *United States* v. *Gradwell*, 243 U. S. 476, 481.

[4] The requirement of the statute that the object of the conspiracy be an offense against the United States, necessarily statutory, *United States* v. *Hudson*, 7 Cranch 32, avoids the question much litigated at common law (see cases cited. in Wright, The Law of Criminal Conspiracies [Carson ed. 1887] and in Sayre, Criminal Conspiracy, 35 Harv. L. Rev. 393) of the Criminality of combining to do an act which any one may lawfully do alone.

[5] So it has been held repeatedly that one not a bankrupt may be held guilty under· § 37 of conspiring that a bankrupt shall conceal property from his trustee (Bankruptcy Act § 29[b], 11 U. S. C., § 52). *Tapack* v. *United States*, 220 Fed. 445, certiorari denied 238 U. S. 627; *Jollit* v. *United States*, 285 Fed. 209, certiorari denied 261 U. S. 624; *Israel* v. *United States*, 3 F. (2d) 743; *Kaplan* v. *United States*, 7 F. (2d) 594, certiorari denied 269 U. S. 582. And see *United States* v. *Rabinowich*, 238 U. S. 78, 86, 87. These cases proceed upon the

For it is the collective planning of criminal conduct at which the statute aims. The plan is itself a wrong which, if any act be done to effect its object, the state has elected to treat as criminal, *Clune* v. *United States,* 159 U. S. 590, 595. And one may plan that others shall do what he cannot do himself. See *United States* v. *Rabinowich,* 238 U. S. 78, 86, 87.

But in this case we are concerned with something more than an agreement between two persons for one of them to commit an offense which the other cannot commit. There is the added element that the offense planned, the criminal object of the conspiracy, involves the agreement of the woman to her transportation by the man, which is the very conspiracy charged.

Congress set out in the Mann Act to deal with cases which frequently, if not normally, involve consent and agreement on the part of the woman to the forbidden transportation. In every case in which she is not intimidated or forced into the transportation, the statute necessarily contemplates her acquiescence. Yet this acquiescence, though an incident of a type of transportation specifically dealt with by the statute, was not made a crime under the Mann Act itself. Of this class of cases we say that the substantive offense contemplated by the statute itself involves the same combination or community of purpose of two persons only which is prosecuted here as conspiracy. If this were the only case covered by the Act, it would be within those decisions which hold, consistently

---

theory (see *United States* v. *Rabinowich, supra,* 86) that only a bankrupt may commit the substantive offense though we do not intimate that others might not be held as principals under Criminal Code, § 332 (18 U. S. C., § 550). Cf. *Barron* v. *United States,* 5 F. (2d) 799.

In like manner *Chadwick* v. *United States,* 141 Fed. 225, sustained the conviction of one not an officer of a national bank for conspiring with an officer to commit a crime which only he could commit. And see *United States* v. *Martin,* 4 Cliff. 156; *United States* v. *Stevens,* 44 Fed. 132.

with the theory upon which conspiracies are punished, that where it is impossible under any circumstances to commit the substantive offense without coöperative action, the preliminary agreement between the same parties to commit the offense is not an indictable conspiracy either at common law, *Shannon and Nugent* v. *Commonwealth*, 14 Pa. St. 226; *Miles* v. *State*, 58 Ala. 390; cf. *State* v. *Law*, 189 Iowa 910; 179 N. W. 145; see *State ex rel. Durner* v. *Huegin*, 110 Wis. 189, 243; 85 N. W. 1046, or under the federal statute.[6] See *United States* v. *Katz*, 271 U. S. 354, 355; *Norris* v. *United States*, 34 F. (2d) 839, 841, reversed on other grounds, 281 U. S. 619; *United States* v. *Dietrich*, 126 Fed. 664, 667. But criminal transportation under the Mann Act may be effected without the woman's consent, as in cases of intimidation or force (with which we are not now concerned). We assume therefore, for present purposes, as was suggested in the *Holte* case, *supra*, 145, that the decisions last mentioned do not in all strictness apply.[7] We do not rest

---

[6] The rule was applied in *United States* v. *N. Y. C. & H. R. R. Co.*, 146 Fed. 298; *United States* v. *Sager*, 49 F. (2d) 725. In the following cases it was recognized and held inapplicable for the reason that the substantive crime could be committed by a single individual. *Chadwick* v. *United States*, 141 Fed. 225; *Laughter* v. *United States*, 259 Fed. 94; *Lisansky* v. *United States*, 31 F. (2d) 846, certiorari denied 279 U. S. 873. The conspiracy was also deemed criminal where it contemplated the coöperation of a greater number of parties than were necessary to the commission of the principal offense, as in *Thomas* v. *United States*, 156 Fed. 897; *McKnight* v. *United States*, 252 Fed. 687; cf. *Vannata* v. *United States*, 289 Fed. 424; *Ex parte O'Leary*, 53 F. (2d) 956. Compare *Queen* v. *Whitchurch*, 24 Q. B. D. 420.

[7] It should be noted that there are many cases not constituting "a serious and substantially continued group scheme for coöperative law breaking" which may well fall within the recommendation of the 1925 conference of senior circuit judges that the conspiracy indictment be adopted "only after a careful conclusion that the public interest so requires." Att'y Gen. Rep. 1925, pp. 5, 6.

our decision upon the theory of those cases, nor upon the related one that the attempt is to prosecute as conspiracy acts identical with the substantive offense. *United States v. Dietrich,* 126 Fed. 664. We place it rather upon the ground that we perceive in the failure of the Mann Act to condemn the woman's participation in those transportations which are effected with her mere consent, evidence of an affirmative legislative policy to leave her acquiescence unpunished. We think it a necessary implication of that policy that when the Mann Act and the conspiracy statute came to be construed together, as they necessarily would be, the same participation which the former contemplates as an inseparable incident of all cases in which the woman is a voluntary agent at all, but does not punish, was not automatically to be made punishable under the latter. It would contravene that policy to hold that the very passage of the Mann Act effected a withdrawal by the conspiracy statute of that immunity which the Mann Act itself confers.

It is not to be supposed that the consent of an unmarried person to adultery with a married person, where the latter alone is guilty of the substantive offense, would render the former an abettor or a conspirator, compare *In re Cooper,* 162 Cal. 81, 85; 121 Pac. 318, or that the acquiescence of a woman under the age of consent would make her a co-conspirator with the man to commit statutory rape upon herself. Compare *Queen v. Tyrrell,* [1894] 1 Q. B. 710. The principle, determinative of this case, is the same.

On the evidence before us the woman petitioner has not violated the Mann Act and, we hold, is not guilty of a conspiracy to do so. As there is no proof that the man conspired with anyone else to bring about the transportation, the convictions of both petitioners must be

*Reversed.*

MR. JUSTICE CARDOZO concurs in the result.