## UNITED STATES v. HAGAN.

### No. 19828.

District Court, W. D. Kentucky, at Louisville.

June 2, 1939.

Eli H. Brown, III, Dist. Atty., of Louisville, Ky., for the United States.

Jos. S. Lawton, of Louisville, Ky., and Leon Kauffman, of New York City, for defendant.

MILLER, District Judge.

The indictment charges the defendant Hagan with conspiring with Tiffany and Marshall to conceal and harbor Tiffany and Marshall for the purpose of preventing their arrest as fugitives from justice. The defendant has demurred to the indictment.

In support of his demurrer the defendant contends that an indictment for conspiracy does not lie where "concert of action" and "plurality of agents" are indispensable elements of the substantive charge. Other grounds are also relied upon but will not be discussed as the Court is of the opinion that the grounds above referred to are sufficient to sustain the demurrer.

Although it is well settled that one defendant may be indicted for conspiracy with other persons not named as defendants in the indictment, and that the crime of conspiracy to commit a certain offense is a distinct crime apart from the commission of the offense itself, yet it appears also well settled that where the substantive offense requires concert of action or plurality of agents the parties committing the offense cannot be indicted for a conspiracy to commit the offense. United States v. Dietrich, C.C., 126 F. 664; United States v. New York Central & H. R. R. Co., C. C., 146 F. 298; United States v. Sager, 2 Cir., 49 F.2d 725.

The rule is also recognized although not applied by the opinions in United States v. Holte, 236 U.S. 140, 35 S.Ct. 271, 59 L.Ed. 504, L.R.A.1915D, 281; United States v. Katz, 271 U.S. 354, 46 S.Ct. 513, 70 L.Ed. 986, and Gebardi v. United States, 287 U.S. 112, 53 S.Ct. 35, 77 L.Ed. 206, 84 A.L.R. 370. Whether or not the rule is applicable to any particular case seems to depend upon the exact facts of the case in question. If concert of action is indispensable to the commission of offense the rule has been applied. In other cases some decisions have held that although concert of action might be pres-

ent, yet it was not essential and accordingly the rule did not apply. The rule was applied at first in cases such as rioting, dueling and crimes of a sexual nature, but has been later extended to cases of bribery, and rebating of railroad charges. There seems to be no good reason why the rule should not also be applicable to harboring and concealing a fugitive from justice. In such a case concert of action is necessary between the person concealing the fugitive and the fugitive being concealed. Since the offense itself requires concert of action it is not permissible to make a separate offense namely, that of conspiracy, out of the same concert of action.

I do not believe that the ruling of the United States District Court for the Southern District of New York in passing upon the removal proceedings in that Court makes the matter res judicata, as contended for by the government. The ruling of the New York Court is based upon the fact that there was probable cause to believe the defendant guilty of the crime charged and that the validity or invalidity of the indictment was "fairly debatable". This seems to leave the issue open for decision later by the Court in which the indictment was returned.

The demurrer of the defendant Hagan to the indictment is sustained.