## GRAHAM et al. v. UNITED STATES.
### VINSON et al. v. SAME.
### WHITE v. SAME.
#### Nos. 8801–8803.

United States Court of Appeals
District of Columbia.

Argued Oct. 16, 1945.

Decided March 25, 1946.

Mr. Levi H. David, of Washington, D. C., with whom Mr. M. Edward Buckley, Jr., of Washington, D. C., was on the brief, for appellants Graham, Parr, Stevens and Henley in No. 8801.

Mr. Saul G. Lichtenberg, of Washington, D. C., for appellants Ferreola and Vinson in No. 8802.

Mr. T. Emmett McKenzie, of Washington, D. C., with whom Mr. James K. Hughes, of Washington, D. C., was on the brief, for appellant White in No. 8803.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and John W. Fihelly, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, ALBERT LEE STEPHENS, Circuit Judge sitting by designation, and EDGERTON, Associate Justice.

EDGERTON, Associate Justice.

These appeals are from convictions of conspiracy[1] to violate the White Slave Traffic Act, commonly called the Mann Act. The indictment charges that the defendants conspired "to transport and cause to be transported * * * divers. women", in interstate commerce and in the District of Columbia, for the purpose of prostitution. The substantive offense is the one described in § 2 of the Act.[2]

---

[1] 35 Stat. 1096, § 37, 18 U.S.C.A. § 88.

[2] 36 Stat. 825, § 2, 18 U.S.C.A. § 398.

It was proved at the trial that appellants repeatedly took part, either as principals or as procurers, in prostitution in Washington, D. C.; that for this purpose some of them went and some induced others to·go from one point to another in the central part of the city;[3] and that much of this travel was done, as everyone knew, by taxicab. But there was no evidence that anyone asked anyone else to use a taxicab or other vehicle, or asked anyone to transport anyone else, or paid the fare of anyone else.[4] As far as the record shows, appellants' only connection with the transportation of women other than themselves individually was that they induced women to keep appointments a few city blocks from their quarters and would have known from past experience, if they had thought about the matter, that these women would probably get transportation. As far as the record shows, appellants exerted no influence and expressed no preference in favor of any particular kind of transportation, or even in favor of some kind of transportation as against walking. There is no evidence that they conspired to do more than they actually did.

 In our opinion they did not conspire to "transport or cause to be transported". The quoted words, like most others, have no precise and invariable meaning. They might be used in so broad a sense as to cover what the appellants did. But they were not so used in § 2 of the Mann Act. This becomes clear when § 2 is compared with § 3. Section 3 makes it a crime to "induce * * * any woman or girl to go from one place to another" and "thereby knowingly cause [her] to be carried or transported as a passenger upon the line or route of any common carrier", in interstate commerce or in the District of Columbia, etc., for the purpose of prostitution.[5] We think Congress had a purpose in enacting § 3. But if, as the government in effect contends, § 2 covers mere inducement to travel for the purpose of prostitution when the prostitute is likely to and does get transportation for herself, then § 3 serves no purpose because § 2 covers every case to which § 3 could possibly apply. If, as we think, § 3 adds something to the meaning of the Act, the facts of the present case are not within § 2.[6]

For several reasons, the convictions cannot be sustained on the theory that appellants conspired to violate § 3. (1) The indictment does not allege, in terms or in effect, that appellants conspired to cause anyone to be transported "upon the line or route of any common carrier." It does not mention any sort of vehicle or any means of transportation. (2) Since a taxicab does not operate upon a definite line or route, there is no evidence of actual or intended transportation upon "the line or route" of any carrier. (3) The record shows that the case was tried and the jury were instructed with reference to § 2 only.

The judgments must therefore be reversed. Appellants violated local legislation of the District of Columbia, but it does not appear that they conspired to violate the Mann Act.

Reversed.

---

3 The points of departure and destination were the so-called Hopkins Institute, two other houses of prostitution, and various hotels.

4 Causing oneself to be transported is not an offense under the Mann Act. Gebardi v. United States, 287 U.S. 112, 53 S.Ct. 35, 77 L.Ed. 206, 84 A.L.R. 370.

6 La Page v. United States, 8 Cir., 146 F.2d 536; Hill v. United States, 8 Cir., 150 F.2d 760. Cf. United States v. Reed, 2 Cir., 96 F.2d 785.