**UNITED STATES of America**

**v.**

**George B. PETITE.**

**Crim. No. 23739.**

United States District Court
D. Maryland, Criminal Division.

Jan. 17, 1957.

Walter E. Black, Jr., U. S. Atty., Baltimore, Md., for plaintiff.

Bernard J. Flynn, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

George B. Petite, indicted on two counts for subornation of perjury, in violation of 18 U.S.C. § 1622, seeks dismissal of the indictment on the ground of double jeopardy.

On August 21, 1956, the Grand Jury for the District of Maryland returned an indictment against Petite charging him on two counts with subornation of perjury. The first count charges that Petite

792

suborned Georgios Modestou Kotsatos to commit perjury before the Immigration & Naturalization Service (INS) on February 14, 1952, at Baltimore. The second count charges that Petite suborned Louis Sitaras of Baltimore, Maryland, to commit perjury before the INS on June 16, 1952, at Baltimore.

Previously, the Grand Jury for the Eastern District of Pennsylvania had returned an indictment (No. 17934) against Petite and five other defendants, including Kotsatos and Sitaras. The first count of that indictment charged the defendants with conspiring to make false, fictitious and fraudulent statements to officers of the INS, in violation of 18 U.S.C. §§ 371 and 1001. Among the overt acts charged in that count were: No. 6, that "on or about February 14, 1952, Georgios Kotsatos, also known as George Modestou Kotsatos, did make a certain sworn statement at Baltimore, Maryland"; and No. 7, that "on or about June 16, 1952, at Baltimore, Maryland, Louis Sitaras of Baltimore, Maryland, did make a certain sworn statement". The second count of Pennsylvania indictment No. 17934 charged the same defendants with conspiring to defraud the United States and the INS for the purpose of preventing the deportation of Georgios Kotsatos, in violation of 18 U.S.C. § 371. Overt acts Nos. 6 and 7 charged in the second count of that indictment were the same as overt acts Nos. 6 and 7 charged in the first count. Overt act No. 3 in both counts charged Petite with offering in evidence in the deportation hearing at Baltimore on February 14, 1952, affidavits obtained from Louis Sitaras, of Marcus Hook, Pennsylvania (not the Louis Sitaras referred to in the Maryland indictment), Peter S. Pahides and Gustav Katsaros. Overt act No. 10 in the second count of the Pennsylvania indictment charged Petite with requesting the issuance of a certain baptismal certificate.

After trial in the United States District Court for the Eastern District of Pennsylvania, Petite was convicted upon his plea of nolo contendere on the first count of the indictment and was sentenced to two months' imprisonment and a fine of $500. On the motion of the United States Attorney, the second count of the indictment was dismissed.

The Grand Jury for the Eastern District of Pennsylvania had also returned a three count indictment against Petite (No. 17946), charging him with subornation of perjury. The three counts charged that Petite suborned Pahides, Katsaros and Louis Sitaras of Marcus Hook, Pennsylvania, respectively, to commit perjury before the INS on April 25, 1952, at Philadelphia. Following the trial in the Eastern District of Pennsylvania, this indictment was dismissed by the court, upon the motion of the United States Attorney.

■ The motion to dismiss the Maryland indictment alleges that a trial on the Maryland indictment will place Petite in double jeopardy because of the prior proceedings in the Eastern District of Pennsylvania. The controlling authorities, however, do not support this contention. "It is settled law in this country that the commission of a substantive offense and a conspiracy to commit it are separate and distinct crimes, and a plea of double jeopardy is no defense to a conviction for both. See Pinkerton v. United States, 328 U.S. 640, 643–644, 66 S. Ct. 1180, 1181–1182, 90 L.Ed. 1489, and cases cited therein. Only if the substantive offense and the conspiracy are identical does a conviction for both constitute double jeopardy." Pereira v. United States, 347 U.S. 1, 11, 74 S.Ct. 358, 364, 98 L.Ed. 435.

■ The defendant contends that the charge in each of the indictments is identically the same. But an examination of the three indictments shows that the charges are not identical. "It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established. Clune

v. United States, 159 U.S. 590, 594–595, 16 S.Ct. 125, 126, 40 L.Ed. 269." Pinkerton v. United States, 328 U.S. 640, 643, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489.

No doubt, if Petite did procure Kotsatos and Sitaras of B 'timore to testify falsely, as charged in the Maryland indictment, he did so in furtherance of the conspiracies charged in counts 1 and 2 of Pennsylvania indictment No. 17934. But that does not make the offenses identical. " * * * the charge of conspiracy requires proof not essential to the convictions on the substantive offenses—proof of an agreement to commit an offense against the United States—and it cannot be said that the substantive offenses and the conspiracy are identical, any more than that the two substantive offenses are identical." Pereira v. United States, supra, 347 U.S. at pages 11–12, 74 S.Ct. at page 364. See Williamson v. United States, 207 U. S. 425, 446 et seq., 28 S.Ct. 163, 52 L. Ed. 278; Outlaw v. United States, 5 Cir., 81 F.2d 805, 806.

In the case we are considering the overt acts charged in the conspiracy indictment in Pennsylvania were the giving of false testimony by Kotsatos and Sitaras of Baltimore, and the offering in evidence by Petite of false affidavits made by Pahides, Katsaros and Sitaras of Marcus Hook. The subornation of the witnesses by Petite was not charged as an overt act or otherwise referred to in the conspiracy indictment; even if it had been, that would not entitle Petite to claim double jeopardy. Pinkerton v. United States, supra, 328 U.S. at page 644, 66 S.Ct. at page 1182.

The essence of the conspiracy charge was the agreement. Pereira v. United States, supra, 347 U.S. at pages 11–12, 74 S.Ct. at page 364; Williamson v. United States, supra, 207 U.S. at page 446 et seq., 28 S.Ct. at page 170; United States v. Bayer, 331 U.S. 532, 542, 67 S.Ct. 1394, 91 L.Ed. 1654; the essence of the charge in the case pending in this court is that Petite procured and suborned Kotsatos and Sitaras to commit perjury. To "procure" and to "suborn" mean to contrive, to cause, to induce, to instigate; an agreement is not a necessary element, although frequently present. "To constitute subornation of perjury, which is an offense at common law, the party charged must procure the commission of the perjury, by inciting, instigating, or persuading the witness to commit the crime. Perjury must have been actually committed, and this must appear in the indictment." Wharton's Criminal Law, Vol. 2, 12th ed., sec. 1595, pp. 1844–1845.

In the present case Petite is charged with subornation of perjury, which, as we have seen, does not require proof of any agreement between the suborner and the perjurer, but does require proof of the commission of the perjury. In each count of case No. 17934, in the Eastern District of Pennsylvania, Petite and five others were charged with conspiracy, which did not require proof of any subornation by Petite nor of any actual perjury by anyone, but did require proof of an agreement by the parties to carry out the purposes of the conspiracy, and some overt act in furtherance thereof.

The conspiracy charge and the subornation charge are not rendered identical because two people—the suborner and the perjurer—were necessarily involved in this, as in every, subornation charge. At least two people must be involved in every conspiracy case; and frequently one of the conspirators aids or abets another in committing one of the overt acts. If that overt act is also charged as a substantive offense in the same or a different indictment, the aider and abettor may be charged with and punished for the substantive offense, even though he is also charged and punished as a conspirator. Pereira v. United States, supra.

The question in this case is not whether a suborner and a perjurer may properly be convicted of conspiracy, without proof of other facts or the conviction of other conspirators. Cf. Gebardi v. Unit-

ed States, 287 U.S. 112, 122–123, 53 S. Ct. 35, 77 L.Ed. 206; Williamson v. United States, supra. Nor is it a case where the government is attempting to carve a single conspiracy into smaller conspiracies, so that a number of prosecutions may be had for the same offense. Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23. Each of the subornations alleged in the indictments in the instant case, and in case No. 17946 in the Eastern District of Pennsylvania, was a separate offense, for which Petite, if guilty, was subject to separate punishment. And if Petite also conspired with the alleged perjurers for the purposes set out in either of the counts of the indictment in case No. 17934, and some overt act was done in pursuance thereof, that, too, was a separate offense. Pinkerton v. United States, supra. No double jeopardy has been shown.

The motion to dismiss the indictment is hereby denied.