**UNITED STATES of America, Appellee,**

v.

**Isadore PARZOW, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**John P. PARRISH, Appellant.**

**Nos. 11364, 11398.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 7, 1967.

Decided Feb. 5, 1968.

Thomas R. Dyson, Jr., Washington, D. C. (Raymond W. Bergan and Williams & Connolly, Washington, D. C., on the brief), for appellant Parzow.

Walter E. Rogers (Frank W. Hardy and George R. Humrickhouse, and Williams, Mullen & Christian, Richmond, Va., on the brief), for appellant Parrish, and John D. Schmidtlein, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., Roger T. Williams, Asst. U. S. Atty., and Edward T. Joyce, Atty., Dept. of Justice, on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

CRAVEN, Circuit Judge.

This case, like United States v. Wechsler, 392 F.2d 344 (4th Cir. 1967), decided today, involves the bribery of a member of the Board of Supervisors of Fairfax County, Virginia, in violation of 18 U.S.C. § 1952. John P. Parrish, an attorney and member of the Board of Supervisors, and Isadore Parzow, a real estate developer, were convicted under a two-count indictment of conspiring to violate and of substantively violating the statute. From the evidence and under proper instructions, the jury could have found that Parzow and Parrish made an agreement whereby Parrish voted in favor of re-zoning a tract of land to permit its use as a shopping center. In exchange for that vote Parzow bought 1,000 shares of Kent-Washington stock for $5,250.60 from a broker in Washington, D. C. and caused the certificates to be mailed to Parrish in Virginia. Parrish accepted delivery of the shares by signing a receipt and returned it by mail to the broker in the District of Columbia. As we more fully explained in Wechsler, supra, facts such as these contain all the elements necessary to support the convictions for conspiracy and we affirm.[1]

The appellants urge that a charge of conspiracy to commit bribery cannot be maintained when the only persons involved are the persons who give and who receive the bribe. They place great reliance on cases which hold that where cooperative action is necessary to commit the substantive offense, a preliminary agreement between the same parties to commit the offense cannot be punished as a conspiracy,[2] but their reliance is misplaced. We have no occasion now to question the thrust of those cases for, as we pointed out in Wechsler, the defendants are not charged with a conspiracy to commit bribery, but rather with a conspiracy to violate § 1952.

We have given careful consideration to the other assignments of errors and find nothing in any of them to justify reversal or a new trial. We have no doubt that the use of facilities in interstate commerce was sufficiently related to the carrying on of the unlawful activity. See, United States v. Wechsler, supra, 392 F.2d at 347, n. 4; United States v. Wingo (6th Cir. 1967);[3] Unit-

1. Since identical and concurrent sentences were given to both defendants on each count, we find no need to consider problems raised in connection with the substantive counts. Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943); Gorin v. United States, 312 U.S. 19, 33, 61 S.Ct. 429, 85 L.Ed. 488 (1941); Brooks v. United States, 267 U.S. 432, 441, 45 S.Ct. 345, 69 L.Ed. 699 (1925); United States v. Wechsler, 392 F.2d 344 (4th Cir. 1967).

2. E. g., Gebardi v. United States, 287 U.S. 112, 53 S.Ct. 35, 77 L.Ed. 206 (1932) (Mann Act); United States v. Holte, 236 U.S. 140, 145, 35 S.Ct. 271, 59 L.Ed. 504 (1915) (bigamy and dueling); United States v. New York Central & R.R. Co., 146 F. 298 (C.C.S.D.N.Y.1906) (bribery); United States v. Dietrich, 126 F. 664 (C.C.D.Neb.1904) (bribery).

3. The United States Court of Appeals for the Sixth Circuit entered an order withdrawing the opinion in the Wingo case and vacating the order affirming the judgment, and restoring the case on the docket as a pending appeal.

ed States v. Hawthorne, 356 F.2d 740, 742 (4th Cir. 1966). Nor do we think that the trial court improperly refused the motion for change of venue. See, Rees v. Peyton, 341 F.2d 859 (4th Cir. 1965). And we are convinced that the indictment was sufficient to satisfy the principles established in Brokaw v. United States, 368 F.2d 508 (4th Cir. 1966); United States v. Chunn, 347 F.2d 717 (4th Cir. 1965); United States v. Martell, 335 F.2d 764 (4th Cir. 1964); and Finn v. United States, 256 F.2d 304 (4th Cir. 1958).[4]

Affirmed.

WINTER, Circuit Judge (concurring).

I do not find in this case the infirmity which caused me to dissent in United States v. Wechsler et al., 392 F.2d 344 (4 Cir.), decided this day.

Accordingly, I join in the judgment of the Court and the opinion in support thereof.

---

4. Because of the bill of particulars furnished in this case, United States v. Chase, 372 F.2d 453 (4th Cir. 1967), is not in point. See also, Cohen v. United States, 378 F.2d 751 (9th Cir. 1967).