Justice BREYER, concurring.
I agree with the sentiment expressed in the dissenting opinion of Justice THOMAS that Evans v. United States, 504 U.S. 255, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992), may well have been wrongly decided. See post, at 1437 - 1438. I think it is an exceptionally difficult question whether "extortion" within the meaning of the Hobbs Act is really "the rough equivalent of ... taking a bribe," Evans, 504 U.S., at 260, 112 S.Ct. 1881 (internal quotation marks omitted)-especially when we admittedly decided that question in that case without the benefit of full briefing on extortion's common-law history, see id., at 272, 112 S.Ct. 1881 (O'Connor, J., concurring in part and concurring in judgment) ("Neither party in this case has briefed or argued the question").
The present case underscores some of the problems that Evans raises. For example, as in the scenario presented by today's Court, where the public health inspector asks for money from a restaurant owner in exchange for favorable reports, see ante, at 1435 - 1436, courts (and juries) will have to draw the difficult distinction between the somewhat involuntary behavior of the bribe payor and the voluntary behavior of the same bribe payor, which may determine whether there is or is not a conspiracy. Compare United States v. Holte, 236 U.S. 140, 144-145, 35 S.Ct. 271, 59 L.Ed. 504 (1915) (finding that a transported woman could conspire to violate the Mann Act), with Gebardi v. United States, 287 U.S. 112, 117, 123, 53 S.Ct. 35, 77 L.Ed. 206 (1932) (finding no such conspiracy).
Nonetheless, we must in this case take Evans as good law. See Tr. of Oral Arg. 20 (Petitioner "take[s] th[e] holding [in Evans ] as a given"). That being so, I join the majority's opinion in full.