CORBETT et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 26, 1924.)

No. 4152.

1. Prostitution ⊆⇒1—Under White Slave Traffic Act, intention must exist before act of interstate transportation.

To constitute an offense under White Slave Traffic Act, § 2 (Comp. St. § 8813), the intention to transport the woman for immoral purposes must have been formed before she reached the state into which she was being transported.

2. Prostitution ⊆⇒1—Transportation of woman into another state and return held violation of White Slave Traffic Act.

That defendant paid for the transportation of a woman from the place they then were into another state, where she went alone, and return, with the intention that she should return, does not prevent the return transportation, if with the requisite intent, from being a violation of White Slave Traffic Act, § 2 (Comp. St. § 8813).

3. Conspiracy ⊆⇒43(6)—Indictment for conspiracy to violate White Slave Traffic Act held good.

An indictment of a man and woman for conspiracy to violate the White Slave Traffic Act held good.

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Criminal prosecution by the United States against John R. Corbett and Nora E. Bishop, alias Ellen Stone. Judgment of conviction, and defendants bring error. Affirmed.

Corbett, plaintiff in error, was convicted under two counts of an indictment (No. 954) charging in count 1 the transportation of Nora E. Bishop, alias Ellen Stone, in interstate commerce from Spokane, Wash., to Boise, Idaho, with the intent and purpose to induce, entice, and compel her to engage in illicit relations with him, and in count 2 with having pursuaded, induced, and enticed Nora E. Bishop, alias Ellen Stone, to go from Spokane to Boise for the immoral purposes charged in the first count of the indictment. Act June 25, 1910 (Comp. St. § 8813 et seq.)." Under another indictment (No. 995), tried with No. 954, Corbett and Mrs. Bishop, alias Stone, were convicted of conspiracy to effect the transportation charged in the first count of indictment No. 954. Defendants sued out writs of error. The facts are as follows:

At Boise, Idaho, Corbett interested himself in behalf of Nora E. Bishop (a married woman with a husband and children at Spokane, Wash.), who was tried and acquitted of a charge of embezzlement. On the night of her

acquittal in October, 1922, Corbett took her to a hotel in Boise, where she was assigned to room 39, and later, at the request of Corbett, she was moved to room 33, which was just across a narrow hallway from room 32, which latter room was occupied by Corbett. Corbett and Mrs. Bishop continued to occupy rooms 32 and 33, respectively, until about November 1st, when at their request they were transferred to rooms 27 and 65, which were adjoining rooms, with a communicating door between. Shortly thereafter they again asked to be changed to rooms 36 and 37, a housekeeping suite, 36 being a bedroom and 37 a kitchen. Corbett asked the landlady to put a cot for his use in the kitchen of the suite. The door between the rooms could be locked from either side. Corbett and Mrs. Bishop occupied these rooms until about the middle of December, when, upon telegraphic advice, Mrs. Bishop left Boise for Spokane to take care of some of her children, who were sick. Corbett loaned her the money to go to Spokane. After an absence of about a month, during which time Corbett sent her some money, Mrs. Bishop, under the alias of Ellen Stone, telegraphed to Corbett at Boise, and on the following day Corbett telegraphed to her as Ellen Stone, advising her that he was sending money to come home on, and to wire when she started. She answered, advising Corbett that she was coming as soon as she was able, and asked him whether he thought it best for her to bring her child, Paul, with her. Corbett replied that he did not think it well to bring the child at that time, adding, "Come as soon as you can." Next day she telegraphed to Corbett, "Will come at once." With money sent to her by Corbett she bought a ticket from Spokane, Wash., to Weiser, Idaho, and on January 19, 1923, she telegraphed to Corbett from Umatilla, Or, to wire her a ticket to Weiser, or to meet her there. Corbett then bought a railroad ticket from Weiser to Boise, and sent it to her at Weiser, and she used it in completing her journey from Weiser to Boise, Idaho.

Corbett met her at Boise and they went together to the hotel, where she went directly to room 36, which room she had occupied before going to Spokane. Corbett went to the room with her, made coffee for her in his room (37), and Mrs. Bishop and the child she brought with her had lunch in his room. That night they were arrested on a charge of violating the White Slave Traffic Act. The deputy marshal knocked at the door of room 36. Mrs. Bishop opened the door and told the marshal that Corbett was in room 37. After a short time Corbett unlocked the door of 37, but as there was a commode close to the door it was necessary for Corbett to move it before he could go out into the hall. The landlady testified that, when rooms 36 and 37 were used by independent occupants, the commode usually stood in front of the communicating door between the two rooms, and that if it were moved toward the door leading from room 37 into the hall, so as to permit passage from room 37 into 36 through the communicating door, the commode would prevent the opening of the door from room 37 into the hall. Other circumstances testified to were that the communicating door was found fastened, but that Mrs. Bishop admitted to the marshal that she had slipped the latch into place while his back was turned. There was testimony that defendants intended to be married after Mrs. Bishop should secure a divorce, which she contemplated applying for. Mrs. Bishop said, when she left Boise, she intended to return and resume her work as a waitress in a restaurant, and had left her effects in her room. Her room rent had been paid by Corbett, but Mrs. Bishop testified that after she and Corbett were arrested she had repaid part of this rental money to Corbett.

J. T. Cook and S. L. Tipton, both of Boise, Idaho, for plaintiffs in error.

E. G. Davis, U. S. Atty., and James F. Ailshie, Jr., Asst. U. S. Atty., both of Boise, Idaho.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). Error is assigned upon the refusal of the court to instruct the jury to the effect

that, if defendants were living at Boise and Nora Bishop was transported to Spokane and returned to Boise, but both defendants intended, when she left Boise, that she should return to that place, and that Corbett furnished her the money for her transportation, defendants should be acquitted, although it might be found that, prior to and at the time of Mrs. Bishop's departure for Spokane and of her return to Boise, they had had illicit relations. Error is also assigned because of the refusal to instruct that, if it were found that Corbett at the time the woman left Boise arranged with her to furnish the money, and did furnish the funds for her transportation to Spokane and return to Boise, acquittal should be had, even if the jury found that, prior to and at the time of her going from Boise to Spokane and return, defendants held illicit relationship, and even if it were found that Corbett had in mind at the time of furnishing the transportation that there would be a continuance of prior illicit intercourse.

[1] Under the statute cited, to justify a conviction, there must be convincing evidence that the intention to transport the woman for immoral purposes was formed before the woman reached the state to which she was being transported; that is, if the intention just referred to did not exist before the woman reached the state to which she was being transported, but was only formed after reaching the state in which the illicit relationship is had, conviction under the act cannot be had. Sloan v. United States (C. C. A.) 287 Fed. 91. It is not the act of illicit relationship that is punishable, for that is clearly within the police power of the state where the act has been committed; but it is the transporting of the woman in interstate commerce for debauchery or other immoral purposes that is condemned.

[2] With this understanding of the law, the vital point is: What was the intent and purpose of Corbett when, with the money which he had sent to Mrs. Bishop, she was transported from Spokane to Boise? If it was for the immoral purposes alleged, the conviction of Corbett under the two counts was proper. It is plain that the trip made by Mrs. Bishop from Boise to Spokane was to see her children, and for no other purpose; but the trip from Spokane to Boise, made a month later, is the one described in the indictment, and is distinct from the journey to Spokane. Corbett gave Mrs. Bishop the money for the trip, which the evidence goes to show was taken in response to Corbett's express request, and, in the light of circumstances surrounding the conduct of the two after her arrival at Boise, it was for the jury to say what the intention and purposes of Corbett were in the transportation. The requested instructions were confusing, in that they were drawn apparently upon the assumption that conviction of Corbett was sought for having transported Mrs. Bishop from Boise, Idaho, to Spokane, Wash., for immoral purposes, as well as from Spokane to Boise, whereas the charge was confined to the January 10th transportation from Spokane to Boise. In the absence of the instructions which were given, it is to be presumed the law was correctly stated to the jury.

[3] There is no merit in the contention that the conspiracy indictment does not allege that the combination charged was to transport a woman or girl, as required by the statute. The allegations naming

Nora E. Bishop, alias Ellen Stone, and alleging that the purpose of Corbett was to entice said Nora E. Bishop, alias Ellen Stone, to give "herself" up to debauchery and other immoral practices, were sufficient.

It is argued that the conspiracy indictment fails to state an offense, because there is no joint intent alleged. The point is not well founded, as the indictment distinctly alleges that the defendants Corbett and Nora E. Bishop, alias Ellen Stone, willfully, knowingly, unlawfully, and feloniously conspired and agreed together to commit an offense against the United States, to wit, to violate the act of Congress known as the White Slave Traffic Act (Act June 25, 1910, 36 Stat. 825) in the "following manner and particulars." * Pierce et al. v. United States, 252 U. S. 239, 244, 40 Sup. Ct. 205, 64 L. Ed. 542. With considerable detail the indictment then alleges an agreement that Nora E. Bishop, should be transported from Spokane, Wash., to Boise, Idaho, and that Corbett should knowingly transport and aid in transporting her from Spokane to Boise as a passenger upon a line of a common carrier, the name of which is given, with intent and purpose on the part of Corbett to induce, entice, and procure Nora E. Bishop to give herself up to debauchery and other immoral practices. Several overt acts are alleged. United States v. Holte, 236 U. S. 140, 35 Sup. Ct. 271, 59 L. Ed. 504, L. R. A. 1915D, 281.

As there was ample evidence to sustain the verdicts, and it does not appear that any errors of law were committed, the judgments must be affirmed.

Affirmed.