## MILLER v. UNITED STATES.
### No. 8733.

Circuit Court of Appeals, Ninth Circuit.
March 22, 1938.

Ralph B. Herzog, of Portland, Or., for appellant.

Carl C. Donaugh, U. S. Atty., and M. B. Strayer, Asst. U. S. Atty., both of Portland, Or., for the United States.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

By presentment of a grand jury in the District Court of the United States for the District of Oregon, appellant was charged with contempt of court in refusing to answer questions propounded to her as a witness before the grand jury. Her defense was that her answers, if she had answered the questions, would have tended to incriminate her, and that, therefore, her refusal was privileged, under the Fifth Amendment to the Constitution of the United States. After a trial, at which evidence was adduced, appellant was adjudged guilty of contempt, was duly sentenced, and prosecutes this appeal. Her appeal is on the judgment roll. There is no bill of exceptions.

The question to be decided is whether, upon the record brought here, it can be said that there was a reasonable probability that appellant's answers to the questions set out in the presentment would have shown or tended to show a violation by her of any law of the United States. That her answers might have shown a violation by her of some state law, would not have justified her refusal to answer. United States v. Murdock, 284 U.S. 141, 149, 52 S.Ct. 63, 64, 76 L.Ed. 210, 82 A.L.R. 1376.

The presentment states that, at the time appellant was asked and refused to answer these questions, the grand jury had under consideration a charge against Daniel Jackson for transporting appellant in interstate commerce from San Francisco, Cal., to Klamath Falls, Or., for immoral purposes, in violation of section 2 of the White Slave Traffic Act, 18 U.S.C.A. § 398, and that the questions propounded to appellant were material thereto. These questions were:

"Did you live with Daniel Jackson at the President Hotel in San Francisco in October, 1937?

"Did you leave San Francisco with Jackson about October 29, 1937?

"Was Jackson staying with you at the President Hotel in October, 1937?

"Did Jackson accompany you from San Francisco, California, to Klamath Falls, Oregon?

"Who drove the car in which you rode from San Francisco to Klamath Falls?

"Where did you stay in Klamath Falls?

"Did Jackson stay with you in Klamath Falls?

"Did you live in Klamath Falls with Jackson as man and wife?

"Did you work as a prostitute in Klamath Falls in November, 1937?"

 The mere assertion by appellant that her answers to these questions would or might tend to incriminate her was not conclusive. That was a matter to be determined by the trial court, in the exercise of a sound discretion. Mason v. United States, 244 U.S. 362, 364, 37 S.Ct. 621, 61 L.Ed. 1198; United States ex rel. Vajtauer v. Commissioner, 273 U.S. 103, 113, 47 S.Ct. 302, 306, 71 L.Ed. 560.

It must be and is conceded by appellant that, whatever her answers might have been, they could not have tended to show a violation by her of the White Slave Traffic Act, 18 U.S.C.A. § 397 et seq. That act does not punish a woman for transporting herself. Though she may be the willing object of such transportation, still, if she does not aid or assist otherwise than by her consent, she does not violate the act. Gebardi v. United States, 287 U.S. 112, 118, 53 S.Ct. 35, 36, 77 L.Ed. 206, 84 A.L.R. 370.

The only federal offense of which it is claimed appellant's answers might have tended to prove her guilty is that of conspiring to violate the White Slave Traffic Act. A woman transported in violation of the act may, conceivably, be guilty of conspiring with the person transporting her to violate the act. United States v. Holte, 236 U.S. 140, 144, 35 S.Ct. 271, 59 L.Ed. 504, L.R.A.1915D, 281. It cannot, however, be said that appellant's answers, if she had answered, must necessarily have tended to show her participancy in such a conspiracy. Assuming the questions to have been answered in a manner most damaging to Jackson, the person under investigation, it still does not follow that such answers would have shown a conspiracy by appellant with Jackson to violate the act. Such answers might well have shown mere acquiescence on her part, which alone, would not suffice to prove either a violation by her or a conspiracy by her to violate the act. Gebardi v. United States, supra.

Whether there was or not a reasonable probability that appellant's answers would have shown or tended to show her participancy in such a conspiracy was a question of fact to be determined upon the evidence received at the trial. Not having the evidence before us, we cannot say that it showed any such reasonable probability. It may, for all we know, have shown affirmatively and conclusively that there was neither probability nor possibility that appellant's answers would or could have any such effect. It may, as already suggested, have shown that appellant merely consented to or acquiesced in the illegal transportation of herself. Or it may have shown that she did not consent or acquiesce, but was forcibly and violently abducted and transported from California to Oregon. Or it may have shown that appellant had received a full pardon for the supposed offense, thus precluding the possibility of self incrimination with respect thereto. Brown v. Walker, 161 U.S. 591, 599, 16 S.Ct. 644, 40 L.Ed. 819.

We do not, of course, mean to say that there was such a showing in this case. What we do say is that, not having the evidence before us, we must indulge the presumption that it justified the trial court's conclusion that there was no reasonable probability that appellant's answers would have shown or tended to show a violation by her of any law of the United States.

Judgment affirmed.