## MACKRETH v. UNITED STATES.
### No. 8989.

Circuit Court of Appeals, Fifth Circuit.
April 25, 1939.

Ralph G. Holberg, Jr., of Mobile, Ala., for appellant.

Francis H. Inge, U. S. Atty., of Mobile, Ala.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

In this case an indictment was returned against Gerald Churchill Mackreth, a man, and Clemmie Esther Rushing, a woman, charging them with conspiracy together to commit an offense against the United States, by transporting the woman, co-defendant, in interstate commerce, for the purpose of debauchery, in violation of the Mann Act, 18 U.S.C.A. § 398. No other person was charged as a conspirator. Issue was joined by pleas of not guilty, the case was tried to a jury and resulted in the conviction of both defendants. Sentence of two years imprisonment was imposed on both but suspended as to the woman. Only the man has appealed.

The United States filed a motion to strike the bill of exceptions on the ground that it was not settled and signed by the District Judge within an extension granted

by him for that purpose. It appears from the record that notice of appeal was filed November 19, 1938, and on December 19, 1938, the District Court entered an order allowing until January 19, 1939, to settle and file the bill of exceptions. On January 19, 1939, another extension was granted by the trial judge extending the time until February 9, 1939. On that day the bill of exceptions was settled and signed by the trial judge. The United States contends February 9th was excluded, the time for settling the bill of exceptions expired on February 8th and the trial judge was without authority to authenticate it. It is unnecessary to discuss the arguments of counsel on this point. Under the provisions of Rule IV, Criminal Appeals Rules, 28 U.S.C.A. following section 723a, after the duplicate notice of appeal is filed with our clerk we have supervision and control of the proceedings on appeal, including the preparation of the record. It is immaterial whether the extension granted by the District Court expired on February 9th or one day sooner. In the exercise of our discretion, in order to prevent injustice, the motion to strike the bill of exceptions is denied. Kay v. United States, 303 U.S. 1, 58 S.Ct. 468, 82 L.Ed. 607.

Appellant asked for a directed verdict of acquittal, at the close of the evidence, on various grounds, stated in separate motions. Error is assigned to the denial of these motions.

The record is voluminous but it is unnecessary to review the evidence extensively, as much of it is irrelevant and of no probative force. There was evidence tending to show that defendants became acquainted in Jackson, Mississippi, approximately four years before the trial, and began living together as man and wife in that city. They were both white persons of fair education. The woman was 33 years old and the man older. Both had been married and divorced. They held themselves out as married and the man supported the woman entirely. She never engaged in public prostitution. They travelled around the country together, in interstate commerce, and registered at various hotels in different states as man and wife, sometimes using assumed names. The man was engaged in buying, selling and exchanging securities at the various places where they resided for short periods. When

the man changed his location at times, without the woman at first accompanying him, he would write to her to join him, sometimes furnishing the money for her railroad fare or other interstate transportation. There was no substantial evidence tending to show the woman induced the man to cause her to be transported in interstate commerce or did anything more than acquiesce in the immoral relations.

Conceding that the man was guilty of the substantive offense denounced by the statute, that alone would not make him guilty of conspiracy. He could not conspire by himself. The woman could not commit the substantive offense with herself as the victim. To support the charge of conspiracy, the intent to conspire must be shown. Very clear evidence would be required to prove that intent on the part of the woman who would otherwise be considered merely the victim of the substantive offense. We consider the evidence was not sufficient to support the conviction. It was error to deny a directed verdict. Gebardi v. United States, 287 U.S. 112, 53 S. Ct. 35, 77 L.Ed. 206, 84 A.L.R. 370.

In view of a new trial, we may notice some of the other assignments of error. Appellant did not take the stand or otherwise put his character at issue. Over the objection of defendants, the government introduced evidence in chief tending to show the man had served a term in a penitentiary, had been indicted in Jackson, Mississippi, had engaged in swindling operations in connection with his business and that, to some extent, the woman had aided him in these swindling operations. None of this evidence was relevant to prove the case on trial. Its admission was highly prejudicial and seriously affected the substantial rights of the defendants. The errors committed in admitting it can not be considered harmless under the provisions of Section 269, Judicial Code, as amended, 28 U.S.C.A. § 391. The judgment appealed from is reversed and the case remanded for further proceedings not inconsistent with this opinion. Considering that appellant has been unable to give bail and has remained in jail since the date of sentence, a period of approximately five months, in order that a new trial may be had speedily, it is ordered that the mandate issue and be sent down at once.