## UNITED STATES v. MARTIN.
### No. 10396.

United States Court of Appeals
Seventh Circuit.
July 11, 1951.

Rehearing Denied Oct. 8, 1951.

Lawrence T. Allen, Allen & Allen, Danville, Ill., for appellant.

William W. Hart, U. S. Atty., Ray M. Foreman, Asst. U. S. Atty., Danville, Ill., Ernest R. McHale, Asst. U. S. Atty., East St. Louis, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

The appellant, Linda Martin and Harry Holz, were indicted in the United States District for the Eastern District of Illinois.

The indictment contained two counts. In the first count the defendants were charged with a violation of sec. 2421, title 18 U.S. Code, in that they caused Linda Martin (the appellant) to be transported in interstate commerce, from Kankakee, Illinois, to Logansport, Indiana, with the intent and purpose to induce, entice and compel the said Linda Martin to give herself up to prostitution and to engage in other immoral practices. In the second count, the same defendants are charged with the violation of sec. 371, title 18 U.S.Code in that they did then and there conspire and agree together, each with the other, to commit an offense against the United States, that is to say, to transport the appellant from Kankakee, Illinois, to Logansport, Indiana, with intent to induce, entice and compel the appellant to give herself up to prostitution and other immoral practices.

Both defendants pleaded not guilty and waived trial by jury.

Linda Martin, the appellant, was found guilty on the conspiracy count only (*nolle prosequi* having been entered as to her on count one) and was sentenced for a period of one year and one day. This appeal is prosecuted only on her behalf, the co-defendant is not involved.

The sole question presented here is whether the facts and circumstances established in this record are sufficient to support the conviction of Linda Martin for conspiring to violate the Mann Act.

In Gebardi v. United States, 287 U.S. 112, 53 S.Ct. 35, 77 L.Ed. 206, the evidence disclosed that the two defendants there involved had engaged in illicit sexual relations in the course of several journeys across state lines, that the man had purchased the transportation tickets on each of the journeys and that the woman had consented in advance to the purchase of transportation, agreed to go on the journeys and actually did go upon them for immoral purposes. This court had held in that case in 7 Cir., 57 F.2d 617, relying on United States v. Holte, 236 U.S. 140, 35 S. Ct. 271, 59 L.Ed. 504, and Corbett v. United States, 9 Cir., 299 F. 27, that the man and woman involved were properly convicted

of conspiracy to violate the Mann Act. The Supreme Court reversed the conviction, and said in 287 U.S., page 123, 53 S. Ct. at page 38: "We place it rather upon the ground that we perceive in the failure of the Mann Act to condemn the woman's participation in those transportations which are effected with her mere consent, evidence of an affirmative legislative policy to leave her acquiescence unpunished. We think it a necessary implication of that policy that when the Mann Act and the conspiracy statute came to be construed together, as they necessarily would be, the same participation which the former contemplates as an inseparable incident of all cases in which the woman is a voluntary agent at all, but does not punish, was not automatically to be made punishable under the latter. *It would contravene that policy to hold that the very passage of the Mann Act effected a withdrawal by the conspiracy statute of that immunity which the Mann Act itself confers.*"

In Miller v. United States, 9 Cir., 95 F. 2d 492, the appellant was found guilty of contempt for refusing to answer questions asked her by a grand jury as to her sexual relations and interstate trips with a man whose conduct was under investigation. She refused to answer on the ground of self-incrimination. The Court said on page 494, 95 F.2d:

"It must be and is conceded by appellant that, whatever her answers might have been, they could not have tended to show a violation by her of the White Slave Traffic Act, 18 U.S.C.A. § 397, et seq. That act does not punish a woman for transporting herself. Though she may be the willing object of such transportation, still, if she does not aid or assist otherwise than by her consent, she does not violate the act. Gebardi v. United States, 287 U.S. 112, 118, 53 S.Ct. 35, 36, 77 L.Ed. 206."

"The only federal offense of which it is claimed appellant's answers might have tended to prove her guilty is that of conspiring to violate the White Slave Traffic Act. A woman transported in violation of the act may, conceivably, be guilty of conspiring with the person transporting her to violate the act. United States v. Holte,

236 U.S. 140, 144, 35 S.Ct. 271, 59 L.Ed. 504. It cannot, however, be said that appellant's answers, if she had answered, must necessarily have tended to show her participancy in such a conspiracy. Assuming the questions to have been answered in a manner most damaging to Jackson, the person under investigation, it still does not follow that such answers would have shown a conspiracy by appellant with Jackson to violate the act. Such answers might well have shown mere acquiescence on her part, which alone, would not suffice to prove either a violation by her or a conspiracy by her to violate the act."

In Mackreth v. United States, 5 Cir., 103 F.2d 495, an indictment was returned against Mackreth, a man, and one C. R., a woman, charging them with conspiracy to commit an offense against the United States by transporting the woman involved in interstate commerce, for the purpose of debauchery, in violation of the Mann Act (18 U.S.C.A. § 398). No other person was charged as a conspirator. Issue was joined by pleas of not guilty, the case was tried to a jury and resulted in the conviction of both defendants. Sentence of two years imprisonment was imposed on both but suspended as to the woman. Only the man appealed.

After disposing of a motion to strike the bill of exceptions, the court reviewed the evidence which tended to show that the defendants became acquainted in Mississippi about four years before the trial. They lived together as man and wife. Both were persons of fair education and had been married and not divorced. The woman had never engaged in prostitution. They traveled around the country together in interstate commerce, and registered at hotels in various states as man and wife, sometimes using assumed names. The man was engaged in buying and selling securities, sometimes he changed his location without the woman accompanying him. In such instances he would later write furnishing her money for interstate transportation, and she would join him. There was no substantial evidence tending to show that the woman induced the man to cause her to be transported in interstate

commerce, or did anything more than acquiesce in the immoral relations.

The Court reversed the conviction, saying on page 496 of 103 F.2d: "Conceding that the man was guilty of the substantive offense denounced by the statute, that alone would not make him guilty of conspiracy. He could not conspire by himself. The woman could not commit the substantive offense with herself as the victim. To support the charge of conspiracy, the intent to conspire must be shown. Very clear evidence would be required to prove that intent on the part of the woman who would otherwise be considered merely the victim of the substantive offense. We consider the evidence was not sufficient to support the conviction. It was error to deny a directed verdict. Gebardi v. United States, 287 U.S. 112, 53 S.Ct. 35, 77 L.Ed. 206."

The Gebardi case is also reported in 84 A.L.R. 370. In an annotation attached thereto, it is said on page 377:

"In Gebardi v. United States, it was held that in order for the woman to fall within the ban of the Mann Act it is necessary that she at least, according to the terms of the act, should aid or assist someone else in transporting or procuring transportation for her, and such aid and assistance must be of a more active nature than mere acquiescence on her part in the transportation and its immoral purpose."

"The girl who is transported in violation of the federal White Slave Act is not an accomplice. Citing Hays v. United States, 8 Cir., 231 F. 106, and Diggs v. United States, 9 Cir., 220 F. 545, both of which are affirmed in 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442.

"And in Lee v. United States, 59 App.D. C. 33, 32 F.2d 424, it was held that the fact that one of the two girls, who were transported in an automobile in violation of the federal White Slave Act, at times, took her turn in running the automobile was not of itself sufficient to make her an accomplice."

Speaking of the Holte case, 236 U.S. 140, 35 S.Ct. 271, the Annotator says on page 377:

"The most that can be gathered from the decision in the Holte case is a declination on the part of the court to hold that a woman could not under some circumstances, not precisely defined, be guilty of a violation of the Mann Act and of a conspiracy to violate it as well. Bearing this in mind, it will be observed that there is no conflict between the decision therein and Gebardi v. United States, in which it was held that the evidence was insufficient to warrant a conviction under an indictment charging the woman with conspiracy to violate the Mann Act, there being no evidence that she purchased the railroad tickets, or * * * was the motivating spirit in conceiving or carrying out the transportation, and the proof showing no more than that she went willingly upon the journey for the purpose of engaging in sexual intercourse with the man."

"The Court stated in the Gebardi case that its decision, that mere acquiescence on the part of the woman to allow herself to be transported in violation of the Mann Act would not support a conviction against her for conspiracy to violate the Act, was predicated upon the ground that it saw in the failure of the Act to condemn the woman's participation in those transportations effected with her mere consent, indication of an affirmative legislative policy to leave her acquiescence unpunished."

In the case under review, both defendants involved denied that the woman was transported from Kankakee, Illinois, to Logansport, Indiana, in the automobile of the male defendant. Their story is that she was driven by the man to Chicago's Union Station from whence she proceeded by train to Logansport. On his part the man claims that he started to return in his automobile to Kankakee, but on his way made up his mind to go to Logansport and meet her for the purpose of persuading her to return to Kankakee.

According to their story they did meet in Logansport and he did drive her to the house of assignation, of which she proposed to become an inmate. We are satisfied, however, not only from contradictions in their respective stories, but also from

other facts and circumstances in evidence, that the trial court was justified in finding that the woman actually was transported in the automobile of the male defendant from Kankakee, Illinois, to Logansport, Indiana, on the day in question for the purpose of engaging in the practice of prostitution.

We can, however, find no substantial evidence from which it can be inferred that the defendant, Linda Martin, did anything further than consent to and acquiesce in her transportation for the purposes mentioned.

The judgment of the District Court convicting Linda Martin of conspiracy to violate the Mann Act is therefore reversed.