**DODSON et al. v. UNITED STATES.**
**No. 12070.**

United States Court of Appeals
Sixth Circuit.
Aug. 16, 1954.

James H. Polsgrove, Louisville, Ky. (Frances E. Bauman, Louisville, Ky., on the brief), for appellants.

Rhodes Bratcher, Asst. U. S. Atty., Louisville, Ky. (J. Leonard Walker, U. S. Atty., Louisville, Ky., on the brief), for appellee.

Before MARTIN, McALLISTER and STEWART, Circuit Judges.

**STEWART, Circuit Judge.**

The defendants in this criminal case, three men and three women all connected by a family relationship,[1] were tried by a jury under an indictment containing three counts. The first two counts charged all six defendants with separate conspiracies to commit an offense against the United States, 18 U.S.C.A. § 371, namely, the Mann Act, 18 U.S.C.A. § 2421; the third count charged four of the defendants with the substantive offense of violating the Mann Act.

At the conclusion of the evidence, the court directed verdicts of not guilty as to Mildred Rose Roberts under count one, Russell Dodson and Marvin Voelker under count two, and Marvin Voelker under count three, but refused the other motions of each of the defendants for directed verdicts of not guilty under all counts of the indictment. Except for those defendants for whom a not guilty verdict was directed, the jury found each of them guilty as charged, and they have appealed.

It will be necessary to consider each count of the indictment separately.

### First Count

Under the first count of the indictment Woodrow and Delores Lewis, Marvin and Marion Voelker, and Russell Dodson were convicted of a conspiracy to commit an offense against the United States between January 1 and April 30, 1951. Considering the evidence in the light most favorable to the government, as we must, Henderson v. United States, 6 Cir., 1953, 202 F.2d 400; Ross v. United States, 6 Cir., 1952, 197 F.2d 660, certiorari denied 344 U.S. 832, 73 S.Ct. 40, 97 L.Ed. 648, the jury were warranted in finding the following facts:

Woodrow and Delores Lewis lived in Tateville, near Somerset in the Eastern

---

1. Woodrow Lewis and Delores Lewis are husband and wife. Marvin Voelker and Marion Voelker were married in 1944, divorced in 1948 and remarried in 1953. Russell Dodson and Mildred Rose Roberts were married in 1952. Delores Lewis and Marion Voelker are sisters, and Russell Dodson is their brother. Mildred Rose Roberts Dodson is Woodrow Lewis's niece.

District of Kentucky. The Voelkers lived in Louisville, in the Western District of Kentucky. Some time in February, 1951, the Lewises were in Memphis, Tennessee. Lewis contacted Voelker in Louisville, and the latter agreed to drive to Memphis with Mrs. Voelker, which he did. The Lewises and the Voelkers occupied adjoining rooms in a Memphis hotel on February 16 and 17. Then they all returned to Kentucky in two automobiles. Dodson accompanied the Voelkers on this trip.

The following month, the two couples drove in their separate automobiles from Kentucky to Charlotte, North Carolina, with Dodson this time a passenger of the Lewises. In early March they stayed in the same hotel in Charlotte, the Lewises and the Voelkers occupying adjoining rooms for two nights, and Dodson a room with an unidentified woman for a week. The Lewises and the Voelkers returned to their homes in Kentucky, and Dodson returned separately by bus.

In April the Lewises and the Voelkers again set out in their separate automobiles from Kentucky to Augusta, Georgia. The Voelkers had their four year old son with them. Dodson did not accompany them. Somewhere in Tennessee the Voelkers had an automobile accident, and the rest of the journey to Augusta was made in the Lewises' automobile. The party took a circuitous route to Augusta, stopping for at least one night at hotels in Charlotte and Asheville, North Carolina, and Spartanburg, South Carolina, and they arrived in Augusta on April 13, where they registered at a hotel.

There was evidence that on this trip Delores Lewis and Marion Voelker engaged in prostitution at the hotel in Charlotte, that Marion Voelker did so in Asheville, and that Delores Lewis did so and Marion Voelker at least attempted to do so in Augusta. There was further evidence that the party usually occupied adjoining rooms, the men often occupying one room and the women the other, and that the men and women were never seen together around the hotel. On more than one occasion fictitious names and addresses were used in registering at the hotels.

The government thus relied upon circumstantial evidence to prove the conspiracy, as in law it may and in fact it often must. Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; Ledford v. United States, 6 Cir., 1946, 155 F.2d 574, certiorari denied 329 U.S. 733, 67 S.Ct. 96, 91 L.Ed. 634; Van Huss v. United States, 10 Cir., 1952, 197 F.2d 120. Upon this evidence, we cannot hold that the jury were not warranted in finding, as they did, that Voelker conspired with Lewis during the period covered by the indictment to transport the two women in interstate commerce for the purpose of prostitution.

Appellants contend that it was necessary to prove that the conspiracy itself was formed in the Western District of Kentucky in order to invest the trial court with jurisdiction. That is not the law. A prosecution for conspiracy may be maintained in any federal district where an overt act was committed in furtherance thereof. Hyde v. United States, 1912, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114; United States v. Cohen, 3 Cir., 1952, 197 F.2d 26; United States v. Bazzell, 7 Cir., 1951, 187 F.2d 878, 884, certiorari denied 342 U.S. 849, 72 S.Ct. 73, 96 L.Ed. 641; Davis v. United States, 5 Cir., 1945, 148 F.2d 203, certiorari denied 325 U.S. 888, 65 S.Ct. 1570, 89 L.Ed. 2001. On each of the interstate journeys the Voelkers set out from Louisville in the Western District of Kentucky. The district court therefore had jurisdiction and the venue was proper.

We believe that the convictions of Lewis and Voelker under the first count of the indictment should be affirmed.

As to Dodson, our opinion is otherwise. Dodson did not make the April journey, the only trip where acts of prostitution by the women defendants were established as to time of commission. He did accompany the Voelkers on the trip to Memphis in February, and the Lewises on the journey to Charlotte

in March. He registered at the hotel in Charlotte with a woman as man and wife, remaining in Charlotte after the other two couples had returned to Kentucky. Dodson testified that he had met the woman in Charlotte, and there is nothing in the record to indicate that she was transported in interstate commerce.

Moreover, we believe that the evidence was insufficient to support a conviction of Dodson for conspiracy with respect to the transportation of Delores Lewis or Marion Voelker. For all that appears in the record Dodson, the brother of the two women, was quite literally along just for the ride.

The opportunities for oppression that exist when prosecutors seek to "sweep within the drag-net of conspiracy all those who have been associated in any degree whatever with the main offenders" have long been recognized. United States v. Falcone, 2 Cir., 1940, 109 F.2d 579, 581, affirmed 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128; see Mr. Justice Jackson's concurring opinion in Krulewitch v. United States, 336 U.S. 440, at pages 445 to 454, 69 S.Ct. 716, 93 L.Ed. 790.

"A co-defendant in a conspiracy trial occupies an uneasy seat. There generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together." Krulewitch v. United States, 336 U.S. 440, at page 454, 69 S.Ct. 716, at page 723 (concurring opinion). That, we think, was the situation here.

"No statute authorizes federal judges to imply, presume or construct a conspiracy except as one may be found from evidence." Krulewitch v. United States, 336 U.S. 440, at page 457, 69 S.Ct. 716, at page 724 (concurring opinion). We are of the opinion that the trial court should have granted Dodson's motion for a directed verdict of not guilty under the first count of the indictment.

■ In our opinion the district court should also have directed verdicts for Delores Lewis and Marion Voelker under this count. The record contains no evidence to support an inference that either did anything more than consent to her own transportation for the purpose of prostitution. In United States v. Holte, 1915, 236 U.S. 140, 35 S.Ct. 271, 59 L.Ed. 504, the Supreme Court held that under certain circumstances it may be possible for the woman transported to be guilty of a conspiracy to violate the Mann Act. We are unable to conclude that such circumstances existed here.

In Gebardi v. United States, 1932, 287 U.S. 112, 53 S.Ct. 35, 77 L.Ed. 206 the Supreme Court expressly held that the mere acquiescence and consent of the woman transported was insufficient to support her conviction for conspiracy. See also, United States v. Martin, 7 Cir., 1951, 191 F.2d 569; Miller v. United States, 9 Cir., 1938, 95 F.2d 492.

■ A woman who enters interstate commerce for the purpose of prostitution commits no offense against the United States. It is therefore difficult to perceive how her mere agreement to do so can constitute a criminal conspiracy under 18 U.S.C.A., § 371. It should be emphasized that this case is not one where there could be any permissible inference that either of the women conspired in any way to effect the interstate transportation of the other.

### Second Count

■ Under the second count of the indictment the three women and Woodrow Lewis were convicted of a conspiracy to commit an offense against the United States between August 1 and August 31, 1951.

In support of this count there was evidence that Lewis and the three women stayed at a Chattanooga hotel for five days in that month. The bell captain testified that Lewis "asked how was business and would it be alright if he would check in." There was evidence that Marion Voelker engaged in prostitution during their stay in Chattanooga.

As under the first count, the evidence could support no inference stronger than

that the women simply consented to and acquiesced in their own interstate transportation for the purpose of prostitution. We therefore believe that their motions for directed verdicts under the second count should likewise have been sustained. Gebardi v. United States, 1932, 287 U.S. 112, 53 S.Ct. 35, 77 L.Ed. 206; United States v. Martin, 7 Cir., 1951, 191 F.2d 569; Miller v. United States, 9 Cir., 1938, 95 F.2d 492.

That being so, it follows that the conviction of Lewis under the second count must also be set aside, the trial court having granted the motions of the other two men for directed verdicts of not guilty under this count. Lewis could not conspire by himself, whatever his guilt of the substantive offense. Mackreth v. United States, 5 Cir., 1939, 103 F.2d 495.

In view of this conclusion, we need not consider the appellants' contention that there was in any event no evidence of two separate conspiracies. Cf. Braverman v. United States, 1942, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23.

### Third Count

■ Under the third count of the indictment, Russell Dodson, Mildred Rose Roberts, and Marion Voelker were convicted of the substantive offense of violating the Mann Act.

These convictions rest upon a bus trip made by the three from Louisville, Kentucky to Chattanooga, Tennessee, in early September, 1951, the day that Dodson was released from a Veterans Hospital in Louisville. There was evidence sufficient to support a finding that Dodson arranged and paid for this journey, although he testified that the women paid for their own transportation.

Marion Voelker said that the purpose of the trip was a continuation of a drinking spree that had commenced in Louisville on Dodson's release from the hospital, and the other woman testified that their purpose was to see Lookout Mountain. There was, however, sufficient evidence to support a finding that the purpose of the trip to Chattanooga was that the women engage in prostitution in that city. An FBI agent who maintained a surveillance of the hotel room occupied by the three testified that he heard Dodson tell the two women that he "believed there were five other prostitutes working in the hotel that night, and that was the reason they weren't doing any business." Accordingly, the conviction of Dodson under the third count of the indictment must be affirmed.

However, the record contains no evidence to support an inference that either of the women did anything more than to make the journey for the purpose stated. Whether the women paid for their own transportation or it was paid for by Dodson, their conduct did not constitute violation of the Mann Act. There was no evidence whatever that either woman violated the statute with respect to the transportation of the other.

Accordingly, the convictions of Marvin Voelker and Woodrow Lewis under the first count of the indictment and of Russell Dodson under the third count of the indictment are affirmed. The convictions of Russell Dodson, Delores Lewis and Marion Voelker under the first count of the indictment, of Delores Lewis, Mildred Rose Roberts, Marion Voelker and Woodrow Lewis under the second count of the indictment, and of Mildred Rose Roberts and Marion Voelker under the third count of the indictment are reversed. The convictions of Mildred Rose Roberts, Marion Voelker and Delores Lewis being reversed upon all counts under which they were found guilty, they are ordered to be discharged.