**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Nicholas DRAGOTTO, Defendant-**
**Appellant.**

**No. 284, Docket 23868.**

United States Court of Appeals
Second Circuit.

Argued March 8, 1956.

Decided March 15, 1956.

Benjamin Berger, New York City, for defendant-appellant.

Myles J. Ambrose, Asst. U. S. Atty. for Southern Dist. of N. Y., New York City (Paul W. Williams, U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and GALSTON, District Judge.

PER CURIAM.

Defendant's conviction upon a substantive and a conspiracy count for violation of the anti-narcotics laws was based primarily on the events of November 4, 1954, when, as observed by a government agent, Dragotto left a bag containing glassine envelopes of heroin behind an entrance door jamb in a New York City building, whence it was retrieved by another and divided among himself and two companions. Later one Ojeda was arrested with heroin in his possession, and he testified to the circumstances of pickup of the heroin at the designated address and directly implicated Dragotto. The evidence was clearly sufficient to present a jury issue and to support the verdict.

The errors asserted as to the conduct of the trial are without merit. There being evidence of transactions on November 1 and 2, 1954, involving Dragotto and two of the defendants, as well as on November 4, which brought Ojeda into the picture, it results that

declarations of codefendants were admissible against Dragotto. United States v. Manton, 2 Cir., 107 F.2d 834, certiorari denied 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012; Dodson v. United States, 6 Cir., 215 F.2d 196. Although the judge in his original charge failed to cover Dragotto's defense of an alibi, he corrected this inadvertence in his supplemental remarks before the jury retired—the utmost to which the defendant can be entitled. United States v. Blount, 2 Cir., 229 F.2d 669. The appeal is fruitless.

Affirmed.