**UNITED STATES of America,
Appellee,**

v.

**Robert ANTONELLI, Defendant,
Appellant.**

**No. 7777.**

United States Court of Appeals,
First Circuit.

March 23, 1971.

Andrew A. Bucci, North Providence R. I., for appellant.

Colleen Kollar, Atty. Dept. of Justice, with whom Sidney Glazer, Atty. Dept. of Justice, Lincoln C. Almond, U. S. Atty., and Gerald McDowell, Special Atty., Dept. of Justice, were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Defendant was convicted by a jury on Counts III, V, and VI of a six-count indictment charging him with violations of the federal anti-loan sharking law, so-called, 18 U.S.C. §§ 891–896 (Supp. V, 1970). On appeal, he seeks to overturn his convictions on three grounds: (1) that the statute is unconstitutional, (2) that certain testimony relative to the usury laws of Rhode Island was erroneously admitted at trial, and (3) that in Count III there was a prejudicial variance between the date alleged and the proof adduced at trial. In answer to his first contention, we point out that we have recently upheld the constitutionality of the statute in United States v. Fiore, 434 F.2d 966 (1st Cir. 1970), petition for cert. filed, 39 U.S. L.W. 3332 (U.S. Jan. 20, 1971) (No. 1259).

With regard to defendant's second contention, Richard J. Israel, then an assistant state attorney general, testified at trial that under Rhode Island law the general statutory interest limit on a loan is 21% on the unpaid principal and that a loan which provides for interest of $5 a week on a principal balance of $100 is usurious and unenforceable. The defendant argues that this testimony was "without probative or relevant connection with the charges laid in the

indictment." We do not agree. The government relied on this testimony to support Count IV of the indictment where, unlike the other counts, there was no evidence of any threat made by the defendant upon nonpayment of the interest by the borrower. The government claimed that, since this type of loan could not be collected by legal means, the jury could reasonably infer from the fact that the borrower made payments on the loan that he was put in fear by defendant. Congress approved of this inference in 18 U.S.C. § 892(b)(1), which provides that an extortionate transaction can be proved in part by a showing that the repayment of the loan "would be unenforceable, through civil judicial processes against the debtor." However, because the borrower named in Count IV testified that he was never put in fear by the defendant and that he was never afraid of him with regard to the collection of any money, the trial court entered a judgment of acquittal on this count. We do not face the question of whether Israel's testimony remained relevant as to the other counts.* After the dismissal of Count IV the defendant failed to move to have this evidence stricken.

 Nor do we find any merit in defendant's third assignment of error. Count III charged that "on or about August 11, 1968, the exact date being to the Grand Jury unknown," the defendant used extortionate means to collect an extension of credit from one Pierce. Pierce testified that he thought this threat occurred in September 1968. He was not certain of the precise time but he was certain that the threat was made. Defendant contends that this was a fatal variance. But in order to constitute reversible error the variance must be prejudicial. We find no showing of prejudice here. Unless the indictment is

brought under a statute intended to have such effect, the exact time of the commission of a crime is not a substantive element of the proof. Jacobs v. United States, 395 F.2d 469, 474 (8th Cir. 1968). We think this is especially so in cases of this kind where no records are kept and no receipts given. This is not a case like United States v. Tomasetta, 429 F.2d 978 (1st Cir. 1970), where the defendant could not possibly have made an adequate preparation for trial on the basis of the information contained in the indictment. Also, we note that the defendant did not move for a bill of particulars. Moreover, if he was surprised by the October date, he could have made a request for a continuance supported by a showing of cause. Furthermore, it is well established that, "if the prosecution proves that the offense was committed within a few weeks of the date [charged in the indictment], the proof will be deemed sufficient." Kokotan v. United States, 408 F.2d 1134 (10th Cir. 1969). Finally, defendant's contention that the trial judge failed to define the term "on or about" to the jury is plainly not supported by the record.

Affirmed.

---

* At oral argument defendant contended that this testimony was inadmissible because 18 U.S.C. § 892(b)(1), which makes it possible to convict a defendant without a showing of any actual threat, is unconstitutional. We have not had occasion to rule on the constitutionality of § 892 (b)(1) and see no reason to do so here since the jury was instructed that it had to find a specific threat, express or implied, in order to convict on Counts III, V, and VI.