UNITED STATES of America, Appellee,

v.

Henry J. WRIGHT, Jr., Defendant,
Appellant.

No. 77–1068.

United States Court of Appeals,
First Circuit.

March 28, 1978.
Certiorari Denied June 5, 1978.
See 98 S.Ct. 2857.

Harvey Brower and John E. Cavicchi, Boston, Mass., on briefs, for defendant, appellant.

Edward F. Harrington, U. S. Atty., and Elliot D. Lobel, Asst. U. S. Atty., Boston, Mass., on briefs, for appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Appellant, convicted of transporting or causing to be transported a woman in interstate commerce for the purpose of prostitution, 18 U.S.C. §§ 2421 and 2, raises eight issues on appeal.

### 1) Admission of Evidence of Other Crimes

The indictment alleged that the illegal act took place on or about July 14, 1975. The prosecution's principal witness, the woman allegedly transported, was allowed to testify that appellant, several months after July, threatened the witness's family and beat the witness when she announced that she wished to leave his employ. The witness also testified that appellant used some money given him by another woman to buy some "coke".

■ *United States v. Eatherton*, 519 F.2d 603 (1st Cir. 1975), establishes that relevant evidence is not inadmissible simply because it tends to prove the commission of some other crime. *See also* F.R.Evid. 401–03, 404(b). Such evidence must have some relevance other than to show bad character or other criminal activity. "The test of admissibility requires balancing the prejudicial potential of the evidence against its probative value, and that task is committed primarily to the trial court." 519 F.2d at 611.

■ In this case the beating and threats were probative of the relationship between appellant and the witness and of appellant's control over the witness. These showings were relevant to the desired inference that appellant could cause the witness to be transported. Given the testimony that the relationship continued between July and the time when these acts occurred, the remoteness in time does not destroy the probative value. The court was within its discretion in admitting this evidence.

■ The evidence of the "coke" purchase came in in response to a question by the court. The court allowed the evidence to stand because "[i]t shows dominion over the money." That was relevant because the prior testimony had been that a woman had come in offering money to appellant, and he had just left the money on a table for a few hours. Appellant's relationship with this woman was, in turn, probative of his relationship with the witness. Moreover, the court specifically stated that "in a case of this kind, [such evidence] has very small prejudicial effects." We cannot find that the trial court abused its discretion.

### 2) Admission of Tape Recordings

■ In its case on rebuttal the government introduced tape recordings of conversations between appellant and the witness. "Within limits, the judge may control the scope of rebuttal testimony." *Geders v. United States*, 425 U.S. 80, 86, 96 S.Ct. 1330, 1334, 47 L.Ed.2d 592 (1976). This case falls within those limits. The tapes were useful, however slightly, in resolving the credibility conflict between the appellant and the principal witness. The tapes showed that appellant had knowledge of certain things of which he had denied any knowledge during his testimony, and they contained material contrary to appellant's description of his relationship with the witness.

### 3) Ineffective Assistance of Counsel

This circuit has not rejected the rule that "[i]neffective counsel . . . means representation such as to make a mockery, a

sham or a farce of the trial." *United States v. Madrid Ramirez*, 535 F.2d 125, 129 (1st Cir. 1976). We have, however, left open the possibility of adopting the more lenient "reasonably competent assistance" standard. *Id.* at 130. Appellant's representation at trial was not ineffective under either standard.

■ Appellant argues that his attorney should have requested a hearing to determine whether the tapes mentioned above could have been suppressed and to determine whether they truly reflected the conversations that had taken place.* It is clear that the tapes were not illegal wiretaps since in every instance one party to the conversation consented to the tapes being made. *See* 18 U.S.C. § 2511(2)(c) and (d). Counsel is not required to waste the court's time with futile or frivolous motions. Counsel might have investigated the reason for apparent cuts in the tape at some time prior to trial, but he did do so at trial. Though the court refused to entertain a motion to scan the tapes because it was brought too late, after the tapes were played, the court allowed counsel to question an FBI agent about the tapes, and the court itself asked questions. The FBI agent explained how the tape had been made, and the court allowed the case to proceed. In effect, appellant had his hearing and there was testimony from which the court could, and evidently did, conclude that the tapes were true copies.

■ Appellant also argues that counsel was ineffective because he failed to investigate the possibility of suppressing the tapes as fruit of an illegal search of a motel room. First, the search did not take place until after the tapes had been made, so there is no way in which the tapes were fruit of the search. Second, the only basis suggested to us on which appellant might have standing to challenge the search is that appellant had control of the room. In fact appellant testified that he was not staying in that room.

4) Questioning by the Court

■ At several points during the trial, the court interjected questions to the witnesses. The court has considerable discretion to interrupt and ask impartial questions "in order to clarify misunderstandings or otherwise insure that the trial proceeds efficiently and fairly." *United States v. McGovern*, 499 F.2d 1140, 1144 (1st Cir. 1974). We have reviewed each instance pointed out to us and hold that the court was well within its discretion each time.

5) Prosecutor's Comment on Failure to Call Witnesses

■ Appellant argues that it was improper for the prosecutor to suggest to the jury that it could drawn an inference from the failure of the defense to call two witnesses. The basis for this argument is that the witnesses were in the courtroom throughout the trial and were, therefore, equally available to the prosecution. We have already held that "a witness's practical and legal availability is to be determined on the basis of his disposition and relationship toward the parties." *United States v. Johnson*, 467 F.2d 804, 809 (1972). In *Johnson* the court allowed the defendant to comment on the prosecution's failure to call a witness, but the rule applies equally when the prosecution comments on the defendant's failure to call a witness (other than the defendant himself). *See id.* Other circuits have applied the rule in cases where the prosecution has made the comment. *McClanahan v. United States*, 230 F.2d 919, 925–26 (5th Cir.), *cert. denied*, 352 U.S. 824, 77 S.Ct. 33, 1 L.Ed.2d 47 (1956); *Samish v. United States*, 223 F.2d 358, 365 (9th Cir.), *cert. denied*, 350 U.S. 848, 76 S.Ct. 85, 100 L.Ed. 755 (1955); *United States v. Beekman*, 155 F.2d 580, 584 (2d Cir. 1946). Here the court stated "that they are so clearly associated with the defendant, they have come with him and with his family, and have sat next to him and talked with him during most of the trial." Therefore, the prosecutor's comments were not improper.

---

* We grant appellant's motion for leave to file the supplemental rebuttal brief, and we have reviewed that brief.

6) Time Variance

■■■■ Appellant claims he was prejudiced in preparing his defense because the indictment stated that the illegal act occurred on or about July 14, whereas the court's instructions permitted the jury to convict appellant for acts anytime during July. First, the proof was that the acts occurred on July 12 and the next three or four days. Second, in this case, "the exact time of the commission of the crime is not a substantive element of the proof." *United States v. Antonelli*, 439 F.2d 1068, 1070 (1st Cir. 1971) (no fatal variance where indictment listed August 11 but proof showed act occurred sometime in September). Third, if appellant had actually been prejudiced he could have asked for a continuance. Finally, so long as the proof shows that the act was committed within a few weeks of the date in the indictment, the proof is sufficient. *Id.*

7) Car Rental Payment Slip

■■■ Appellant challenges the admission into evidence of a car rental payment slip. The slip came in under the business records exception to the hearsay rule, F.R.Evid. 803(6). The slip was admitted through the testimony of a properly qualified keeper of the records of the business, but appellant contends that the slip did not bear a coded number present on two other slips and that therefore "the source of information or the method or circumstances of preparation indicate[d] lack of trustworthiness", *id.*, such that the slip should not have been admitted. The court, however, was aware of the problem but decided that the slip was still trustworthy on the basis of an arithmetical calculation of amounts owing and amounts paid on the car in question. The court's decision to admit the slip was not error.

8) Necessity of "Accomplice" Instruction

■■■ Appellant contends that the court should have given the jury an instruction cautioning them about the principal witness's testimony because she was an accomplice. First, we doubt that the witness was an accomplice under the Mann Act which is so "clearly directed against the acts of the transporter as distinguished from the consent of the subject of the transportation." *Gebardi v. United States*, 287 U.S. 112, 119, 53 S.Ct. 35, 37, 77 L.Ed. 206 (1932). But, in any case, we have held that the uncorroborated evidence of an accomplice will convict the defendant. *United States v. Micelli*, 446 F.2d 256, 258 (1st Cir. 1971). Though it is prudent for the court to give a cautionary instruction, even when one is not requested, failure to do so is not automatic error especially where the testimony is not incredible or otherwise insubstantial on its face. *United States v. House*, 471 F.2d 886, 888 (1st Cir. 1973). The principal witness's testimony in this case was "generally consistent and credible." *Id.* Moreover, aspects of the testimony were corroborated by documentary evidence and the tapes.

For the reasons stated above, we conclude that there was no reversible error in appellant's trial.

*Affirmed.*