John Alden SETTLE, Jr.

v.

STATE OF NEW HAMPSHIRE.

Civ. No. 90–164–S.

United States District Court,
D. New Hampshire.

Dec. 14, 1990.

John Alden Settle, Jr., pro se.

Mark E. Howard, Asst. Atty. Gen., Concord, N.H., for State of N.H.

## ORDER

STAHL, District Judge.

John Alden Settle filed a Petition for Writ of Habeas Corpus with the Court in April 1990. In October, the Court granted Settle's motion to delete from the petition two unexhausted claims. *Order*, U.S.Dist. Ct.Civ. No. 90–164–S (October 22, 1990). Now before the Court is Settle's motion for summary judgment on his remaining claim and the State of New Hampshire's corresponding motion to dismiss.

### 1. Background

Settle's habeas petition arises from his 1987 conviction by the New Hampshire Superior Court for welfare fraud. The circumstances leading to that conviction are not in dispute.

In August 1983, Settle applied for and was awarded welfare benefits by the New Hampshire Division of Health and Human Services ("the Division"). To qualify for continued benefits, Settle was required to file a financial report with the Division at the beginning of every month. In each report, he was to report income he had earned the previous month, and the Division relied on this information in determining his eligibility to receive benefits in the following month. To illustrate, income received by Settle in February was to be reported in the beginning of March and would determine benefits received in April. In addition to the monthly reports, Settle was required to reapply for benefits every six months, which he did in February and September of 1984.

In 1984, Settle failed to report income that he had earned while receiving welfare benefits. The State of New Hampshire subsequently obtained four indictments in New Hampshire Superior Court, each charging him with a separate count of welfare fraud under RSA 167:17–b, I(a) (supp.

1989). The first indictment read as follows:

> that JOHN ALDEN SETTLE of Concord, New Hampshire in the County of Merrimack February 1st. through February 28th. in the year of our Lord one thousand nine hundred and eighty-four ... did with the purpose of receiving public assistance to which he was not entitled, make intentional false statements to the N.H. Division of Human Services which would affect his eligibility for assistance, in that [he] stated he had no income when in fact he received income [from various sources], resulting in the receipt of ... approximately $477.00 ... to which the Defendant was not entitled.

The three other indictments were virtually identical, save for the months in which the false statements were alleged to have been made (April, June, and July of 1984), and the amounts of welfare fraudulently received.

The indictments inaccurately alleged the months in which Settle made the statements at issue. As the Division required, Settle apparently filed the allegedly false reports in the first ten days of the month following each income reporting period. *See State v. Settle*, 132 N.H. 626, 570 A.2d 895, 896–97 (1990). However, the months alleged in the indictments were the income reporting periods themselves, rather than the months in which Settle filed each report.

Prior to trial, Settle moved to dismiss on the ground that the indictments did not conform to the proof. The Superior Court denied this motion. After jury selection, the State, on its own initiative, filed bills of particulars in an attempt to clarify the dates set forth in the indictments. The bills stated that the alleged false statements were made in the monthly financial reports filed *for* the months alleged in the indictments.

Notwithstanding the bills of particulars, Settle argued in his opening statement to the jury that the State's evidence was insufficient to prove that he had made false statements during the months alleged in the indictments.

The evidence will not show that I made an intentional false statement to anyone on February 1st through February 28th of 1984. It will not show that I made an intentional false statement from June 1st through June 30th ... nor that I made a false statement on July 1st through July 31st. I simply didn't make false statements at those times ... I have these indictments. I've prepared a defense for these indictments and that's what you're going to hear me do.

At the start of the next day of trial, Settle cross-examined the State's first witness. Toward the end of this cross-examination, the State moved to amend the indictments by inserting the words "for the reporting period" before the dates alleged in each. The court, over Settle's objection, granted the State's motion. Settle was convicted on all four counts, and was sentenced to a term of two to four years in New Hampshire State Prison.

Settle appealed to the Supreme Court of New Hampshire, claiming, *inter alia*, that the original indictments lacked particularity and that the amendments thereto prejudiced his ability to conduct his defense, in violation of his rights protected by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. In January 1990, the Supreme Court affirmed the conviction, reasoning that the original indictments were sufficiently particular to have apprised Settle of the factual basis of the charges brought against him, and that he was not prejudiced by the amendments. *State v. Settle*, 132 N.H. 626, 570 A.2d 895 (1990). This claim is now before the Court on Settle's petition for habeas corpus.

## 2. Discussion

Settle moves for summary judgment and the State moves to dismiss. As the parties appear to be in agreement as to the facts underlying the petition, the Court determines that no evidentiary hearing is required and will "make such disposition of the petition as justice shall require," Rule 8 of the Rules Governing Section 2254 Cases In The United States District Courts.

■ An indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and ... enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *U.S. v. Serino*, 835 F.2d 924, 929 (1st Cir.1987) (quoting *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974)). An indictment may be amended if the change is merely "a matter of form" as opposed to substance. *United States v. Winter*, 663 F.2d 1120, 1139–40 (1st Cir. 1981), *cert. denied*, 460 U.S. 1011, 103 S.Ct. 1250, 75 L.Ed.2d 479 (1983). "Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy [in an indictment] is not required." *United States v. Morris*, 700 F.2d 427, 429 (1st Cir.), *cert. denied*, 461 U.S. 947, 103 S.Ct. 2128, 77 L.Ed.2d 1306 (1983); *see United States v. Antonelli*, 439 F.2d 1068, 1070 (1st Cir.1971). An indictment that misalleges the date of an offense by only several weeks is generally sufficient, and an amendment of the date will be allowed absent prejudice to the defendant. *See Jervis v. Hall*, 622 F.2d 19, 22–23 (1st Cir.1980); *cf., United States v. Wright*, 573 F.2d 681, 685 (1st Cir.), *cert. denied*, 436 U.S. 949, 98 S.Ct. 2857, 56 L.Ed.2d 792 (1978) ("so long as the proof shows that the act was committed within a few weeks of the date in the indictment, the proof is sufficient"); *Morris* and *Antonelli, supra*.

■ Applying this standard, the Court finds that the original indictments, though flawed, were sufficient. The indictments apprised defendant that he was charged under RSA 167:17–b with fraudulently having procured specific sums of money from the Division by representing in benefit applications filed in 1984 that he had no income. RSA 167:17–b does not make specification of the date of the false representation an essential element,[1] and the dates in these indictments apparently deviated from the proof only by several weeks. Thus, Settle cannot complain that the original indictments lacked the particularity necessary either to notify him of the crimes charged or to allow him to prepare an adequate defense.

■ Nor can Settle complain that the indictments interfered with his Fifth Amendment protection against double jeopardy. Each indictment clearly charged him with having fraudulently obtained a specific sum of money from the Division during 1984, thus enabling him to plead conviction or acquittal in bar of future prosecutions for each offense.

■ Settle argues that the Superior Court's allowance of the amendments to the indictments after his opening statement unfairly prejudiced him because he had relied in his opening on a literal reading of the indictments which, according to him, charged different crimes than those proved at trial. The Court disagrees. As noted above, the original indictments were sufficiently particular to have apprised Settle of the crimes charged, and adequately conformed to the proof.

Furthermore, Settle's reliance on the original indictments in his opening was unjustified under the circumstances. The record reveals that Settle discussed the charges against him with counsel for the State in advance of trial and was well aware of their subject matter. Any lingering misunderstanding he might have had should have been cured prior to his opening by the State's bills of particulars. If at that point Settle felt at an unfair disadvantage, he could have asked for a continuance, *see Wright* and *Antonelli, supra*, but apparently did not do so. As the amendments did not involve a substantive element of the crime charged, and as Settle is unable to show that he was unfairly prejudiced by them, the Court holds that the Constitution of the United States was not

---

1. RSA 167:17–b, I(a) provides that
No person shall ... [b]y means of an intentionally false statement or misrepresentation or by impersonation or other fraudulent act or device obtain or attempt to obtain, or aid or abet any person in obtaining any assistance or benefit or payment under RSA 167 to which he is not entitled.

**432**

violated by the Superior Court's allowance of the amendments.

■ Settle also argues that the amended indictments also were insufficiently particular in that they failed to identify precisely the false statements at issue. In support of this argument, Settle cites numerous cases involving perjury indictments, but fails to cite a single case requiring such precision in indictments charging welfare fraud. The instant indictments alleged that, while applying for welfare benefits, Settle falsely stated that "he had no income." Therefore, the Court finds that they sufficiently apprised him of the subject matter of the false representations at issue. The State was required to do no more. *See United States v. Bernstein*, 533 F.2d 775, 787 (2d Cir.), *cert. denied*, 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608 (1976) (indictments charging defendant with making false statements to Federal Housing Administration which did not allege particular false statements upheld as sufficiently particular).

For the reasons stated above, the Court denies Settle's motion for summary judgment (document no. 18) and grants the State's motion to dismiss Settle's petition for habeas corpus (document no. 19).

SO ORDERED.