925 F.2d 1458
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan VALDES, a/k/a Julio Gonzales, Defendant-Appellant.
 No. 90-5633.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 19, 1990.
Decided Feb. 19, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-89-365-A)
 R. Ramsey Maupin, Arlington, Va., for appellant.
 Henry E. Hudson, United States Attorney, Debra S. Straus, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 E.D.Va.
 AFFIRMED.
 PER CURIAM:
 
 
 1
 Juan Valdes appeals his conviction of six counts of mailing threatening communications in contravention of 18 U.S.C. Sec. 876. Finding no error, we affirm his conviction.
 
 
 2
 Valdes, a District of Columbia prisoner, was incarcerated at the Lorton Reformatory on charges unrelated to those in the present case. While he was incarcerated, he sent a number of letters to Angie Lopez, his former girlfriend. The letters were written in Spanish. In the letters, Valdes threatened to injure or kill Lopez. Lopez turned 29 letters from Valdes over to the FBI, and Valdes was indicted on seven counts of mailing threatening communications.
 
 
 3
 At trial, the government called the supervisor of the FBI translation department to testify as to the contents of the letters. The letters had previously been translated by another member of the department, but the original interpreter was hospitalized and unable to testify at trial. The supervisor of the translation department, Bonnie Jenkins, had gone over the previous translations prior to trial and had penciled in some changes.
 
 
 4
 The government did not receive Jenkins's changes until the morning of trial, and the changes were given to Valdes's attorney during Jenkins's testimony. Valdes's attorney objected to the admission of Jenkins's translations because he had not received copies of the changes prior to trial. The district court overruled the objection, and Jenkins explained to the jury that she had made minor changes in the translations to more accurately reflect the contents of the letters. The translations, which consisted of the original translations with Jenkins's changes made in pencil, were admitted into evidence.
 
 
 5
 Angie Lopez also testified at trial. She stated that she had received the first threatening letter from Valdes in November 1988. The indictment specified that all of the letters were sent on or about December 1988 through August 1989. Valdes's attorney objected to the admission of the first letter because Lopez testified that she had received it in November, prior to the date specified in the indictment. The district court overruled the objection, holding that November was close enough to the dates specified in the indictment to fit into the "on or about" language.
 
 
 6
 Valdes was convicted on six of the seven counts, and he appealed. On appeal, he raised two issues. First, he contended that Jenkins's translations should not have been admitted into evidence because he did not have access to those translations prior to trial. Rule 16 of the Federal Rules of Criminal Procedure provides that the defendant's statements, as well as documents and other tangible evidence, which are in the possession of the government, must be turned over to the defendant for inspection, copying, and so forth. Fed.R.Crim.P. 16(a)(1)(A,C).
 
 
 7
 Valdes argued that the revised translations should have been turned over to the defense prior to trial. He did not contend that he was denied access to the original letters, or that the government could have turned the revised translations over any sooner than they did; instead, he alleged that he was prejudiced by not being allowed to see the revisions prior to trial. The government argued that it received the revisions the morning of trial, and that it turned over copies of the revisions as soon as was possible. Further, the government asserted that the changes in the translations did not change the substance of the letters, and that Valdes was not prejudiced in any way by the changes.
 
 
 8
 As the trial court correctly noted, the government did not have the revisions in its possession until the day of trial, so under Fed.R.Crim.P. 16 it was not obligated to turn them over any sooner than it did. United States v. Vaccaro, 816 F.2d 443, 452 (9th Cir.), cert. denied, 484 U.S. 914 (1987); United States v. Bibby, 752 F.2d 1116, 1125 (6th Cir.1985), cert. denied, 475 U.S. 1010 (1986); United States v. Bourne, 743 F.2d 1026, 1032 (4th Cir.1984). Further, the revisions did not change the substance of the letters. The changes in wording did not change the threatening nature of the letters, so Valdes was not prejudiced by the admission of the revised translations. Finally, Valdes could have called his own translator to interpret the letters for the benefit of the jury. Cf. United States v. Roberts, 881 F.2d 95 (4th Cir.1989) (government did not have to turn over file on confidential informant when defendant knew identity of informant and could have subpoenaed him to testify). Therefore, the district court did not err in allowing the revised translations to be admitted.
 
 
 9
 Valdes also contended on appeal that the district court erred in admitting the first letter he sent to Lopez because she testified that she received the letter in November 1988, while the indictment specified that the letters were all received on or about December 1988 through August 1989. This claim is without merit, as Lopez received the letter no more than a month before the dates specified in the indictment, so the offense fit into the "on or about" language in the indictment. United States v. Ward, 676 F.2d 94, 96 (4th Cir.) (offense occurred reasonably near date specified in indictment), cert. denied, 459 U.S. 835 (1982); United States v. Wright, 573 F.2d 681, 685 (1st Cir.) (date of offense within a few weeks of date of indictment), cert. denied, 436 U.S. 949 (1978); United States v. Francisco, 575 F.2d 815, 818-19 (10th Cir.1978) (date of offense one or two months before date alleged in indictment).
 
 
 10
 We affirm Valdes's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 11
 AFFIRMED.