88 P.3d 153 (2004)
Lory LARKIN, Appellant,
v.
STATE of Alaska, Appellee.
No. A-8444.
Court of Appeals of Alaska.
April 2, 2004.
*154 Robert D. Lewis, Nome, for the Appellant.
John A. Scukanec, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.
Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

OPINION
MANNHEIMER, Judge.
Lory Larkin was indicted for second-degree sexual abuse of a minor (engaging in sexual penetration with a minor under the age of 16).[1] The indictment charged that Larkin's offense occurred "on or about February 1, 2001". At trial, the evidence clearly showed that the victim was away at school starting in January 2001, and thus the offense could have occurred no later than the end of December 2000. Larkin claims that, given this state of the evidence, he is entitled to a judgement of acquittal.
Larkin seeks a judgement of acquittal, rather than a reversal of his conviction and a retrial, because he argues that the State took him to trial and then failed to prove its case. Specifically, Larkin claims that because of the difference between the date of the offense shown by the trial testimony and the date specified in the indictment, "reasonable people [would have to agree] that the evidence [presented at trial] was insufficient to establish [that] any crime was committed on or about February 1, 2001".
But this is not truly a "sufficiency of the evidence" argument. Rather, it is a variance argument. Larkin concedes that the evidence presented at his trial was sufficient to establish that he committed the crime of sexual abuse of a minor. The problem, according to Larkin, is that the evidence showed that the offense was committed no later than December 31, 2000at least five weeks before the date specified in the indictment. Even though the indictment says "on or about" February 1, 2001, Larkin contends that the phrase "on or about" is not flexible enough to encompass a variance of five weeks.
Larkin does not assert that this difference in dates prejudiced his investigation of the case or the planning or presentation of his defense. Rather, Larkin's argument is a technical one: he contends that an indictment charging the commission of an offense "on or about February 1, 2001" can not, as a legal matter, support a conviction if the uncontroverted evidence shows that the offense must have occurred at least five weeks before that date.
For the reasons explained here, we hold that the date on which an offense was committed is normally not an element of that offense. Thus, a variance between the date specified in the indictment and the date shown by the evidence at trial will normally be deemed a defect of form (rather than a material defect) for purposes of Alaska Criminal Rule 7(c), unless the defendant can show that the variance prejudiced their ability to prepare or present their defense at trial.
Because Larkin does not assert that the variance prejudiced him, we affirm his conviction.
The common-law rule regarding variances in the date of the offense, and the federal law on this subject
Even in the heyday of common-law pleading, when a murder conviction could be overturned because the indictment "did not set forth the length and depth of the [victim's] mortal wounds" or because the indictment specified that the victim was stabbed in the "brest" rather than the "breast",[2] the courts recognized one aspect of criminal pleading where exacting specificity was not required: the allegation as to the date of the offense.

*155 [T]he common law, although it required the accusation to mention some date, did not require the prosecution to stick to that date; proof of any date within the period of the statute [of limitations] would suffice to convict.
Austin Scott, "Fairness in the Accusation of Crime", 41 Minnesota Law Review 509, 532 (1957).[3]
This same flexibility is carried forward in the more lenient pleading rules that govern modern criminal litigation:
Traditionally, time and place have been viewed as not requiring great specificity because [these factors] ordinarily do not themselves constitute an element of [the] crime. Thus, the time allegation can refer to the event as having occurred "on or about" a certain date and, within reasonable limits, proof of a date before or after that specified will be sufficient, provided it is within the statute of limitations. [The exception is for cases where] time is a material element of the offense....
Wayne R. LaFave, Jerold H. Israel, and Nancy J. King, Criminal Procedure (2nd ed.1999), § 19.3(b), p. 773.
LaFave's description of the law on this point is echoed in Professor Charles Alan Wright's treatise on modern federal criminal procedure.[4] Professor Wright states that the Federal Rules of Criminal Procedure allow substantial flexibility in the indictment's description of the date of the crime:
[G]ood pleading still includes an allegation that [the] offense was committed on a particular day, month, and year, but a defect in the allegation of the date is a defect of form only. Obvious errors in the date alleged will be ignored, and great generality in the allegation of date will suffice, though [a] defendant may be entitled to a bill of particulars if the allegation is too general to permit him to prepare his defense. The allegation [of the date] is not regarded as ... an essential element of the crime, and, within reasonable limits, proof of any date before the return of the indictment and within the statute of limitations is sufficient [unless] a particular [date] is made material by the statute creating the offense.
Federal Practice and ProcedureCriminal (3rd ed.1999), § 125, Vol. 1, pp. 573-77.
When Professor Wright describes a discrepancy in the date as a "defect of form only", he is using a term of art. Federal Criminal Rule 52(a) declares that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." This rule is derived[5] from former 18 U.S.C. § 556, which stated:
No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected[,] by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant.
Thus, when Professor Wright says that a variance between the date alleged in the indictment and the date shown by the evidence at trial is a defect of "form", he means that the variance will be disregarded, and will not constitute a basis for overturning an ensuing conviction, unless the variance actually prejudiced the defendant.
Several federal cases have upheld convictions when there was a variance of weeks or even months between the date alleged in the indictment and the date revealed by the trial evidence. For instance, in United States v. Kimberlin,[6] the Fourth Circuit held that the wording "in or about July 1991" was not objectionable when the evidence showed that the offense occurred in August 1991 (and there was no showing of prejudice). In United States v. Antonelli,[7] the First Circuit *156 held that an indictment was sufficient when it alleged that the defendant made the criminal threat on August 11, but the testimony put the threat in either September or October. The court noted that "the exact time of the commission of a crime is not a substantive element of the [government's] proof", and that the defendant had not proved that he was prejudiced by the variance. And in United States v. Reece,[8] the Eighth Circuit held that the defendant was not prejudiced by an indictment which, due to a typographical error, alleged that the crime was committed one year later than it actually was.
A more striking application of this rule is found in United States v. Hall, 632 F.2d 500 (5th Cir.1980). The defendant in Hall went to a grocery and cashed a woman's benefits check by forging her name and endorsing the check over to himself. He was charged with the federal offense of possessing a check stolen from the mail.[9] The indictment charged that Hall possessed the stolen check "on or about December 1, 1975".[10]
The evidence at Hall's trial showed that the check was mailed to the victim on November 28, 1975, and that the victim never received the check.[11] An expert on handwriting analysis testified that the signature on the check, although purporting to be the victim's, had in fact been written by Hall.[12] But the date of the offense remained cloudy. The government could prove only that, at some point during the ensuing nine months, Hall presented the check for payment at the grocery.
A former grocery employee testified that, based on the presence of her initials on the check, the check must have been presented for payment during the ten months that she was employed by the groceryi.e., no later than September 1976.[13] But the government could not identify the date any more precisely than that. "Due to an illegible bank transit stamp on the check's reverse side, neither the dates of the check's negotiation nor bank clearance could be determined".[14]
On appeal, Hall argued that the government's failure to prove the date alleged in the indictment"December 1, 1975"prejudiced his ability to defend himself by hampering his ability to present an alibi.[15] But the Fifth Circuit noted that the date of the offense is generally not a material element of the offense, and that "[a]ccordingly, the inability of the government to prove the date of negotiation with precision is not automatically fatal":
The offense could have occurred no earlier than November 28, 1975, the date the check was mailed, so the indictment [returned on] March 13, 1979, was within the five-year statute of limitations set forth in 18 U.S.C.A. § 3282 (1970). The offense could have occurred no later than September, 1976, because the cashier [who accepted] the check worked at the store only ten months.... Thus, the crime necessarily occurred prior to the return of [the] indictment on March 13, 1979.
Hall, 632 F.2d at 503, n. 6. The court noted that, because the underlying charge was knowing possession of a stolen check, Hall's problem at trial was not to prove an alibi for December 1, 1975, but rather to rebut the evidence that he had forged the woman's signature on the check.[16] Thus, the court concluded, Hall failed to show that his substantial rights were prejudiced by the variance.

Alaska law on this subject
Alaska law has always followed the common-law rule that the date of the offense is generally not an element of the government's case, so long as the offense occurred within the pertinent statute of limitations. Alaska's earliest organized code of criminal *157 procedurePart II of the Carter Code of 1900contained a provision specifically dealing with variance as to the date of the offense. Here is the text of Part II, § 44 of the Carter Code:
That the precise time at which the crime was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding thereof, and within the time in which an action may be commenced therefor, except where time is a material ingredient in the crime.
As can be seen, Part II, § 44 embodied the rule stated in Wright: the rule that "proof of any date before the return of the indictment and within the statute of limitations is sufficient".
The language of Carter Code, Part II, § 44 was carried forward, verbatim, in the 1913 Compiled Laws of Alaska (§ 2153), the 1933 Compiled Laws of Alaska (§ 5214),[17] and the 1949 Compiled Laws of Alaska (§ 66-9-9).
Another section of Part II of the Carter Code, § 50, incorporated the same federal approach to defects of form that was codified in former 18 U.S.C. § 556 (quoted above). Here is the text of Part II, § 50 of the Carter Code:
That no indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected[,] by reason of a defect or imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant upon the merits.
This language was carried forward, verbatim, in the 1913 Compiled Laws of Alaska (§ 2159), the 1933 Compiled Laws of Alaska (§ 5220),[18] and the 1949 Compiled Laws of Alaska (§ 66-9-15). Following statehood, this language (with only stylistic changes) was incorporated into our present Alaska Criminal Rule 7(c):
No indictment is insufficient, nor can the trial, judgment[,] or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form in the indictment which does not tend to prejudice the substantial rights of the defendant.
Given this legal history, we readily conclude that Alaska law follows the same rules described in LaFave and in Wright: the rules that the date of the offense is normally not a material element of the offense, and that a variance between the date specified in the indictment and the date revealed by the evidence at trial will not support an attack on the judgement unless the variance prejudiced the defendant's ability to prepare or present their defense.
Our conclusion is bolstered by what the Alaska Supreme Court said on this subject in Selman v. State, 411 P.2d 217 (Alaska 1966). In Selman, the court approvingly cited federal cases for rule that
the allegation that a crime was committed "on or about" a certain date is sufficient, though the precise time is not thereby stated, except in cases in which time is an ingredient of the offense. Such [an] allegation is a formal and not a material matter within the meaning of [former 18 U.S.C.A. § 556], which provides that no indictment shall be deemed insufficient by reason of any defect in matter of form only.
411 P.2d at 224, n. 21.

Application of this law to Larkin's case
Larkin was charged with sexually abusing a minor. Regardless of whether Larkin committed this offense in late 2000 (as the evidence showed) or in early 2001 (as alleged in the indictment), he was indicted for an act that took place before the indictment was returned and that was within the pertinent statute of limitations. Moreover, at all times within this range of dates, Larkin's victim was under the age of 16. Thus, the date of the offense was not a material element of the State's proof in Larkin's case.
This means that the variance between the date specified in Larkin's indictment and the date shown by the evidence at his trial *158 will be deemed a mere "defect ... in matter of form" under Alaska Criminal Rule 7(c) unless Larkin affirmatively shows that this variance prejudiced his ability to prepare or present his defense.[19]
But this is precisely what Larkin has failed to do. As explained above, Larkin does not assert that the variance concerning the date of the offense prejudiced his investigation of the case or the planning or presentation of his defense.
Instead, Larkin's defense was that the victim was lying and that the alleged sexual abuse never happened. Larkin took the stand at his trial and testified that he never had sex with the victim at any time. He asserted that the victim's accusation against him stemmed from ill-will. Larkin conceded that, when he was interviewed by the state troopers, it appeared that he admitted engaging in sex with the victim. But Larkin claimed that he had been confusedthat he had thought the trooper was asking about another girl with whom Larkin was having sex at the time.
The date of the crime was irrelevant to this defense. As our supreme court noted in analogous circumstances,
The failure of the ... indictment to name the date ... was a defect or imperfection "in matter of form", within the meaning of [Alaska Criminal Rule 7(c)], because the evidence that [the defendant offered] in defense of the charge ... was equally available [no matter what the date].
Price v. State, 437 P.2d 330, 332 (Alaska 1968).
Thus, Larkin's contention on appeal reduces to the narrow and technical argument that, as a matter of law, an indictment charging the commission of an offense "on or about February 1, 2001" can not support a conviction if the uncontroverted evidence shows that the offense must have occurred at least five weeks before that date. But as we have explained here, that is not the law. Indeed, from the days of Alaska's earliest code of criminal procedure (more than a century ago), that has not been the law in Alaska.
A variance between the date alleged and the date proved will not undermine a criminal conviction unless the defendant shows that the variance prejudiced their substantial rights. Larkin does not allege that his substantial rights were prejudiced. Moreover, as explained above, the record shows that Larkin's defense to the charge did not hinge on the date of the offense.
Accordingly, the judgement of the superior court is AFFIRMED.
NOTES
[1] AS 11.41.436(a)(1).
[2] Wayne R. LaFave, Jerold H. Israel, and Nancy J. King, Criminal Procedure (2nd ed.1999), § 19.1(a), p. 733.
[3] Quoted in Wayne R. LaFave, Jerold H. Israel, and Nancy J. King, Criminal Procedure (2nd ed.1999), § 19.1(a), p. 733 n. 6.
[4] Charles Alan Wright, Federal Practice and Procedure: Criminal (3rd ed.1999), § 125, Vol. 1, pp. 571-77.
[5] See Federal Advisory Committee on Rules, Note to Criminal Rule 52(a).
[6] 18 F.3d 1156, 1159 (4th Cir.1994).
[7] 439 F.2d 1068, 1070 (1st Cir.1971).
[8] 547 F.2d 432, 434-35 (8th Cir.1977).
[9] Hall, 632 F.2d at 501.
[10] Id. at 504.
[11] Id. at 501, 503 n. 6.
[12] Id. at 502.
[13] Id. at 503 n. 6.
[14] Id. at 502.
[15] Id. at 503.
[16] Id. at 503-04.
[17] The text of § 5214 of the 1933 Compiled Laws omits the introductory "that".
[18] The text of § 5220 of the 1933 Compiled Laws omits the introductory "that".
[19] See Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 630-31, 79 L.Ed. 1314 (1935): "The true inquiry ... is not whether there has been a variance in proof, but whether there has been such a variance as to `affect the substantial rights' of the accused. The general rule that [the government's] allegations and [its] proof must correspond is based on the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that [the accused] may be protected against another prosecution for the same offense.... [I]f, upon an examination of the entire record, substantial prejudice [of this type] does not appear, [then] the error must be regarded as harmless."